## JOSEPH W. DAVIS *vs.* LEWIS C. COTEY et al.

May Term, 1897.

Present: ROSS, C. J., TAFT, ROWELL, MUNSON, START and THOMPSON, JJ.

*V. S. 5020—Treble Damages for Cutting Timber—Presumption of Innocence—Measure of Proof—Evidence.*

In an action upon V. S. 5020 to recover treble damages for cutting timber upon the plaintiff's land, the plaintiff's right to such damages is made out in the first instance by proof of the actual cutting upon his land, and if the defendant would reduce the treble damages to single he must show that he acted through mistake or had good reason to believe that the timber was on his own land.

The "mistake" must not be the result of his own negligence or misconduct, but one which a prudent man would ordinarily make, and the "good reason to believe" must be such reason as would lead a man to so believe while in the exercise of ordinary care.

The actual cutting on the plaintiff's land being conceded, the defendants were not entitled to the presumption of innocence in regard to treble damages, nor to an instruction that the jury must find beyond a reasonable doubt that the cutting was not done through mistake or with good reason to believe that the timber was on their own land.

For the purpose of determining the value of the timber it was competent to show the price paid for similar property in an adjoining town.

ACTION upon the statute to recover treble damages for cutting timber. Plea, general issue. Trial by jury at the December Term, 1896, Addison County, *Tyler*, J., presiding. Verdict and judgment for the plaintiff. The defendants excepted.

*Button & Button* for the defendants.

*F. L. Fish* for the plaintiff.

START, J. This action is brought under V. S. 5020, to recover treble damages for cutting timber. This statute, in so far as it relates to timber, provides that, if a person cuts down, destroys or carries away timber standing, lying or growing on the land of another person, without leave from

the owner of such lands, the party injured may recover of such person treble damages in an action on this statute. But if, upon trial, it appears that the defendant acted through mistake, or had good reason to believe that the timber was on his land, the plaintiff shall recover single damages, only, and costs.

In making out a case under this statute, the plaintiff, in the opening, is only required to prove that the defendant, without leave, cut timber upon his land. He is not required to show that the defendant acted wilfully or maliciously, or that the defendant did not act through mistake, or that he did not have good reason to believe that the timber was on his land. On such a showing, the plaintiff is entitled to recover treble damages. In the absence of any showing either way respecting mistake or good reason to believe, treble damages are recoverable by force of the statute. The statute expressly provides that the party injured may recover treble damages; but, if it appears that the defendant acted through mistake, or had good reason to believe that the timber was on his land, only single damages are recoverable. If the defendant would reduce the damages from treble to single, he must show that he acted through a mistake which was not the result of his negligence or misconduct, that is, such a mistake as a careful and prudent man would ordinarily make under like circumstances; or that he had good reason to believe that the timber was on his land, that is, such reason as would lead a man while in the exercise of ordinary care and prudence to thus believe. He cannot recklessly and negligently omit to see and observe those things that would lead him to a right conclusion and to a right action, and then be heard to say that he had an erroneous mental conception that influenced his will and led him to do the act contrary to his intention and wish.

There was no occasion for instructing the jury that the defendants were presumed to be innocent of the charge

laid against them in the declaration, so far as the same related to treble damages, and the request to do so was properly denied. The cutting of the timber upon the plaintiff's land was conceded. The defendants claimed that the cutting was done through mistake, and with good reason to believe that the timber was upon their land. This concession entitled the plaintiff to a verdict for treble damages, unless the defendants made out their defence that the cutting was done through mistake, or that they had good reason to believe that the timber was on their land. Upon the issue thus made in the court below, the burden was on the defendants; and there was no presumption that they acted through mistake, or that they had good reason to believe the timber was on their land. The statute excludes such a presumption, by providing for the recovery of treble damages, if it does not appear that the defendants acted through mistake, or had good reason to believe the timber was on their land.

The burden being on the defendants to make out their defence of mistake, or good reason to believe, the court properly refused to comply with their request for an instruction, that, to entitle the plaintiff to treble damages, the jury must find, beyond a reasonable doubt, that the cutting by the defendants was not done through mistake, or with good reason to believe the timber was on their land. Had there been no testimony on the subject of mistake or good reason to believe, the plaintiff would have been entitled to recover treble damages.

The evidence tending to show the price of such timber in Bristol was properly received. Bristol and the town where the timber was cut are adjoining towns. For the purpose of determining values, it is competent to show the prices paid for similar articles in the same vicinity. *Vilas* v. *Downer*, 21 Vt. 419; *Roberts* v. *Boston*, 149 Mass. 346.

*Judgment affirmed.*