Argued before SCOTT, P. J., and MacLEAN, J.

Benjamin L. Brandner, for appellant.
Charles Dushkind, for respondent.

(48 Misc. Rep. 637)

BENDER v. SHATZKIN et al.

(Supreme Court, Appellate Term.  November 24, 1905.).

1. VENDOR AND PURCHASER—AGREEMENT FOR CONTRACT—BREACH—ACTION—EVIDENCE.

In an action for damages for breach of defendant's agreement to execute a contract for the conveyance of land to plaintiff, evidence *held* insufficient to warrant a verdict for $500 damages.

2. SAME—MEASURE OF DAMAGES.

Where defendant failed to comply with his agreement to execute a contract to convey land to plaintiff, the measure of damages was the value of the promised contract upon the date when it should have been executed.

3. SAME—EVIDENCE AS TO DAMAGES—WEIGHT.

In such an action the basis of valuation taken by a witness was erroneous, where it depended upon his estimate of the value of the land, although he knew of no sales, and upon the rise in value of property subsequent to the time when the contract should have been executed.

Appeal from City Court of New York.
Action by Molly Bender against Abraham Shatzkin and another.  From a judgment in favor of plaintiff, and from an order denying a new trial, defendants appeal.  Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Hillquit & Hillquit, for appellants.
Louis J. Frey, for respondent.

PER CURIAM. On October 26, 1904, the defendants agreed in writing to sell the plaintiff certain premises on Lorillard Place, in the Bronx, for $3,550, to be paid for by $50 deposit down, $250 on signing the contract on or before October 29th, $1,250 on delivery of the deed on or before 60 days, and $2,000 on bond and mortgage for three years. The husband of the plaintiff paid the deposit, and, as he testified, with offer of the next payment of $1,250, on each of the days, 27th, 28th, and 29th of October, demanded, but received, no contract. Both sides, on this appeal, treat the agreement as an option, and each relies upon doctrines stated in Boyd v. De Lancey, 17 App. Div. 567, 45 N. Y. Supp. 693, whereunder failure to comply with the call entitled the plaintiff to recover the value of the promised contract upon the date when it should have been executed. Aside from the absence of evidence of authority in her husband to act for the plaintiff, her recovery of $500 cannot be sustained, because of the lack of competent evidence for its support. Of her two experts on the value of the contract, the first put it at $1,200; but he disclosed on cross-examination that he had never sold any contracts, and stated that the contract was not worth more than 450, the difference between the price agreed to be paid and his estimate of its value; saying also:

"If Mr. Bender had received a contract first for the sale of the property, and then if that contract had been performed, and she should have received it, I consider that she would have made by the transaction $450."

Predicating the value of the contract upon its performance begged the main question, even on his theory; for failure to perform the proposed contract might entitle the intending vendee only to refund the money paid and justified outlays. Her other expert set the value of the contract at between $1,000 and $1,200; saying, in his own qualification, that he bought and sold contracts, and had sold one contract in 186th street, above Belmont and Crescent, near Lorillard Place. This qualification by experience was scanty. His basis of valuation was erroneous, for it depended upon his estimate of the value of the realty, although he knew of no such sales, and upon the rise in value of property in November.

Judgment reversed, and a new trial ordered, with costs to the appellants to abide the event.