## Town of Barnet v. Central Vermont Public Service Corporation

[313 A.2d 392]

No. 18-72

Present: Barney, Smith, Keyser and Daley, JJ., and Hill, C. Supr. J.

Opinion Filed December 4, 1973

*Black & Plante,* and *George W. Ray, Jr., Esq.* of counsel, White River Junction, for Plaintiff.

*Alan B. George, Esq.,* of *Ryan, Smith & Carbine,* Rutland, for Defendant.

Barney, J. This is an appeal from a tax appraisal. The listers of the plaintiff town and, on appeal, the board of civil authority set the 1971 value of the defendant's real estate in the town of Barnet at $483,900. Resort was then had to the commissioner of taxation who referred the matter to a board of tax appraisers under 32 V.S.A. §§ 4461–4468. That board reduced the appraisal to the amount contended for by the defendant, $341,000. The plaintiff then filed a notice of appeal to this Court.

The defendant challenges the appeal on the basis of jurisdiction. The claim is based on 3 V.S.A. § 815(a), coupled with V.R.C.P. 74. The statute allows an appeal to this Court, "unless some other court is expressly provided by law." The rule begins by saying, "Any party entitled thereto by law may appeal to a county court from the decision of any governmental agency in a contested case governed by the Administrative Procedure Act, 3 V.S.A. §§ 801–816."

580

■ Since the provisions of V.R.C.P. 74(e) expressly contemplate an eventual appeal to this Court, if desired, the jurisdictional question raised by the defendant is whether or not a county court *de novo* hearing must always precede that review. We do not find that to be so. Unlike the appeal to county court from a zoning board of adjustment, mandated as exclusive and final by 24 V.S.A. § 4472, the county court in this case functions only as a trial court and finder of the facts.

■■ Furthermore, it is clear from the statutory design of 32 V.S.A. §§ 4461–4467 that the right of a *de novo* hearing before the county court (32 V.S.A. § 4467) is an alternative to a hearing before the state board of tax appraisers. That being so, it does not fall within the condition of 3 V.S.A. § 815(a) as "some other court expressly provided by law." That phrase applies to statutory requirements such as 24 V.S.A. § 4472, which specifically limits the court to which an appeal can be taken. *In re Petition of Rhodes*, 131 Vt. 308, 305 A.2d 591 (1973). The appeal is properly before us.

■ The record originally presented to this Court did not contain the certified statement of the questions of law to be reviewed, as required by V.R.A.P. 13. This is not a jurisdictional shortcoming. The Court may, at its option, allow the record to be completed by a subsequent filing of the certification. See *State* v. *Mahoney*, 126 Vt. 258, 259, 227 A.2d 401 (1967). Or, alternatively, the Court may go further and, under the authority of V.R.A.P. 2, dispense with the statement altogether, unless it is coupled to some statutory requirement such as 21 V.S.A. § 672. With no such limitation here, this Court is free to proceed with review in the absence of a statement of the legal issues from the agency, and elects to do so.

■ The issue before us is a simple one. Does the record demonstrate, as a matter of law, that the board of tax appraisers made an assessment of the defendant's property based on fair market value. This is the standard required by 32 V.S.A. § 3481. Approaches, such as reproduction cost, earning power, construction cost less depreciation, or the like, are only devices to assist in arriving at fair market

value. This Court has repeatedly warned that the use of any single method, or even combination of methods that leads the appraisers astray of their statutory responsibility will not be accepted. *In re Heath*, 128 Vt. 519, 524–25, 266 A.2d 812 (1970); *Town of Barnet* v. *New England Power Co.*, 130 Vt. 407, 412, 296 A.2d 228 (1972).

Difficult as it may be, in the absence of an actual sale between a willing buyer and a willing seller, or a comparable sale of equivalent property, the duty of the board of tax appraisers, under 32 V.S.A. § 4467, is to determine the fair market value. This is not merely a label, but must be supportable. The kind of property involved here, a hydro-electric generating plant and transmission and distribution lines, does not make the task any easier, since such facilities are not frequently bought or sold in the usual sense, nor are they readily marketable. Nevertheless, not only must a justifiable valuation be arrived at in accordance with the requirements of 32 V.S.A. § 4467, but, also, there must be correspondence with the listed value of comparable properties within the town.

The board of tax appraisers made the following findings, among others:

> This Board finds that the method of ascertaining fair market value used by the Town of Barnet is equitable when used in relation to appraisals of all real estate within the Town of Barnet. We agree, however, that in a situation such as this one either method of ascertaining fair market value may be an extreme and one should not be used exclusive of the other.

> In view of the fact that the Central Vermont Public Service Corporation has attempted to compromise between the method of appraisal suggested by the consultant firm retained by the Town of Barnet and Federal and State regulations pertaining to fair market value for accounting purposes, and because we find that said compromise is equitable, we find that the fair market value of the real estate owned by the Central Vermont Public Service Corporation, within the Town of Barnet, is $341,000.

█ The language of these findings indicate a deviation from the duty of the board of tax appraisers under the statute. Absent the concurrence of all parties, compromise or abatement of tax burdens is not the proper province of that board. *Petition of Mallary*, 127 Vt. 412, 417–18, 250 A.2d 837 (1969).

█ Having found that the Town of Barnet used an equitable method with relation to the appraisal of all real estate in the town, the deviation from it by the board has not been shown by anything in the findings to be justifiable under the law. Either the board did not follow its statutory obligation to arrive at fair market value, or, if it did in fact do so, it so stated its conclusion as to make its procedures appear erroneous. In any event, the matter must be remanded for correction or clarification, as appropriate.

*Reversed and remanded to the commissioner of taxes for recommittal to the board of tax appraisers.*