**Robert and Mary Connors v. Town of Dorset**

[356 A.2d 536]

No. 38-75

Present: **Barney, C.J., Smith, Daley, Larrow, JJ. and Keyser, J. (Ret.),**
**Specially Assigned**

Opinion Filed April 6, 1976

234

*Thomas J. Pressly* of the office of *J. Fred Carbine, Jr.*, Rutland, for Plaintiffs.

*Arthur J. O'Dea*, Manchester Center, for Defendant.

**Daley, J.** This is a tax appeal from the Bennington Superior Court. The plaintiffs contend that the fair market value the court placed upon their property in the Town of Dorset for the taxable year 1971, in a de novo hearing, is far in excess of its fair market value and is made upon a comparison of other materially different properties which have no basis for comparison with their property. The plaintiffs also claim that the findings of fact and conclusions of law made by the court are not supported by the evidence.

The governing statute is 32 V.S.A. § 4467, which requires the court to determine the correct valuation of the property, and if it finds that the listed value of the property subject to appeal does not correspond to the listed value of comparable properties in the Town, it shall set the property in the list at a corresponding value.

This statute must be read in conjunction with 32 V.S.A. § 4601, which requires that all property taxes be uniformly assessed. The determination of fair market value, for the purposes of this uniformity, will not be disturbed unless some error of law occurs. See *International Paper Co.* v. *Town of Winhall*, 133 Vt. 385, 386, 340 A.2d 42 (1975).

Thus, it is the duty of the court from the evidence presented in the de novo hearing to first determine the fair market value of the plaintiff's property. For a definition of fair market value, see *Bookstaver* v. *Town of Westminster*, 131 Vt. 133, 136, 300 A.2d 891 (1973). *Town of Barnet* v. *Central Vermont Public Service Corp.*, 131 Vt. 578, 580, 313 A.2d 392 (1973) clearly outlines the duty of the court to determine fair market value in the absence of an actual sale between a willing buyer

and a willing seller or a comparable sale of equivalent property, difficult as it may be. Its determination must, of course, be supportable.

The court found that the plaintiffs Connors owned fifty-four acres, more or less, with house and outbuildings, situated on the west side of Route 7 in the Town; that said lands consist of approximately five acres of meadowland; the balance slopes up to the mountain, is generally wooded and has not been timbered. In 1971, the defendant appraised the fair market value of this property at $31,300.00.

There was no evidence of sales of comparable properties introduced by either party. The evidence before the court upon the question of fair market value consisted of opinion testimony given by one of the land owners, $18,000.00–$19,000.00, and his expert, $17,500.00. The Town's chief lister, whose qualifications as a witness upon the question of value were unchallenged, gave his opinion that the fair market value was $31,300.00. The court also found from testimony before it that some sixty acres of adjoining land owned by Mr. Connor's mother are comparable to the subject land and were appraised for the same year at a rate of $360.00 per acre. This same acreage figure was applied to the plaintiffs' land. The value of the improvements was not disputed.

As may be readily seen, the court was confronted with conflicting opinion evidence as to the critical issue of fair market value. Where the evidence is conflicting or would support different inferences, credibility and weight are for the court when it sits as trier of the facts. This remains so whether the evidence before the court is expert or lay testimony and even though the expert's testimony be opinion testimony. *Vermont Terminal Corp.* v. *State Highway Board,* 132 Vt. 1, 313 A.2d 12 (1973). The court's finding of fair market value is supported by the evidence and will not be disturbed.

The plaintiffs contend, however, that this value is not comparable to the listed values of similar properties. In support of their contention they point to the so-called Vermont Marble Company property, 510 acres, and the Murphy estate property, 310 acres, appraised at $100.00 per acre,

thereby having a listed value of $50.00 an acre. Contrary to this argument of comparability, the court found that these properties were not comparable due to the size of the tract, the type of land and general location. As this Court stated in *In re Petition of Town of Essex*, 125 Vt. 170, 172, 212 A.2d 623 (1965), "Which properties [the court or] such board will select to consider and compare in reaching their decision and fixing the fair market value of the taxpayers property is not a question of law. Rather, it is an evidentiary question." The testimony of the comparability of the properties in question was conflicting and the court's finding is supportable by the record evidence. The evidence also supports the comparable found by the court. Further, the evidence introduced by the Town as to the values of properties other than the property of Mr. Connor's mother consisted of properties containing four acres or less, each of which was appraised on a much higher fair market value and corresponding listed value.

Lastly, the plaintiffs claim that they were denied the right to have their appeal taken from the listers' appraisal reviewed by the board of civil authority in accordance with 32 V.S.A. § 4404. This claim is not so particularly set forth in their brief or oral argument as to enable us to pass upon it. A failure to comply with the mandatory provisions of 32 V.S.A. § 4404 can result in a deprivation of due process. If any occurred here, which we cannot say, it was cured by the de novo proceedings under 32 V.S.A. § 4407.

The findings of the court and its conclusions, being supported by the evidence, and the court having followed the prescribed statutory requirements in determining the plaintiffs' appeal, the entry will be judgment affirmed.

*Judgment affirmed.*