## Frank and Carmel Micalizzi v. George C. and Anna Mae Munger

[360 A.2d 89]

No. 287-75

Present: Barney, C.J., Daley, Larrow and Billings, JJ. and Keyser, J. (Ret.), Specially Assigned

Opinion Filed June 1, 1976

Motion for remand to permit motion for new trial to be filed and heard below prior to entry of final judgment on appeal denied June 1, 1976. Motion for clarification of entry order denied June 17, 1976.

*Dick, Hackel & Hull,* Rutland, for Plaintiffs.

*Hanford G. Davis,* Brandon, for Defendants.

**Barney, C.J.** The defendant, George Munger, is a builder. He accepted a $500 deposit from the plaintiffs to build a house on one of his lots according to their floor plan. When he had completed the house and rough-graded around it, the plaintiffs bought the house. This was in November of 1971. In January, 1973, they experienced water in the basement and this suit is a result of their dissatisfaction. They had no such problem the first winter and spring, but in 1972 had some fine grading done and a lawn put in.

The lower court heard the evidence and issued a judgment in favor of the defendants. Thereupon the plaintiffs asked for findings and they were made. The result was unchanged. The plaintiffs claim procedural error in these circumstances as well as challenging the findings as unsupported by, and contrary to, the evidence.

With respect to the entry of judgment prior to findings, we find no reversible error. Under V.R.C.P. 52(a), findings are not required to be made by a court unless requested on the record or in writing within five days after notice of decision. In this case, such a request was made within five days of the submitted judgment order, under V.R.C.P. 52(a). All that V.R.C.P. 41(b)(2), which the plaintiffs claim is involved here, calls for is compliance with V.R.C.P. 52(a). This occurred and satisfied the substantive requirements of V.R.C.P. 41(b)(2).

With respect to the findings themselves, the plaintiffs argue most strongly against their content, and against the acceptance of the testimony of the defendant, George C. Munger. It is probably a sufficient answer to point out that the evidence can clearly be read to support the result, *Seaway Shopping Center Corp.* v. *Grand Union Stores, Inc.,* 132 Vt. 111, 116, 315 A.2d 483 (1974), however, we will review the principal issues.

The burden in this case was at all times on the plaintiffs to establish their claim. *Town of Manchester* v. *Town of Townshend,* 110 Vt. 136, 143, 2 A.2d 207 (1938). They were proceeding both on a theory of negligent construction and a breach of warranty. One of the principal obstacles to establishing either of these propositions was the evidence that there

was no water problem when the property was left in the rough-graded condition that Munger had it in. The problem (and we feel the findings sufficiently reflect that there was, in fact, a problem) came into existence only after a third party had fine-graded the lot and put in a lawn.

Thus, on the issue of negligence, there simply is no demonstration that the problem came about by the defendant's negligent acts. There was an attempt to show that the problem might have been avoided by the installation, during construction, of drainage tile around the footings. This evidence was too equivocal to raise a duty in the defendant, and there was no evidence that to fail to make such an installation was itself negligence.

The breach of warranty fares no better. There was no evidence that the failure to install such drainage established, without more, that the house was defective and not as represented. There was no unequivocal evidence that the situation of the house was such as to require foundation drainage as a matter of warrantable construction. The intervention of the regrading of the lawn again compromised the claim.

As has already been noted, the evidence supports the result. The plaintiffs challenge the striking of the evidence as to damage, but since the plaintiffs' evidence did not establish liability in the defendants in the first instance, this complaint has no material consequence. It should be noted here, as it was below, that, in any event, the plaintiffs have no cause of action against Anna Mae Munger. She stands merely as a joint owner of the premises conveyed to the plaintiffs.

*Judgment affirmed.*