## Gelsie J. Monti v. Town of Northfield

[369 A.2d 1373]

No. 166-75

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed February 1, 1977

*Gary D. McQuesten* of *Richard E. Davis Associates, Inc.*, and *Gelsie J. Monti, pro se,* Barre, for Plaintiff.

*Young & Monte*, Northfield, for Defendant.

**Hill, J.** This case comes to us from a decision of the Washington Superior Court of an appeal to said court from the determination of the Board of Civil Authority of the Town of Northfield, Vermont, assessing real estate owned by the plaintiff-appellant for property tax purposes for the year commencing April 1, 1973. Pursuant to the authority vested in it by 32 V.S.A. §§ 4461 and 4467, the court proceeded by trial de novo to determine the correct valuation of the property. Following hearings, the court filed findings of fact and conclusions of law in which it ruled that the two parcels of real estate owned by the plaintiff in the Town of Northfield had a fair market value of:

a)   Dwelling, outbuildings, lot and 100 acres - $20,625.00.

b)   248 acres - $31,000.00.

The plaintiff has appealed the judgment of the Washington Superior Court, citing numerous claims of error. The plaintiff raises only three issues for our consideration: (1) Whether the trial court erred in admitting evidence of prices of sales made subsequent to the date of plaintiff's assessment; (2) Whether the trial court erred by failing to make certain findings of fact requested by the plaintiff; (3) Whether the trial court's determination of fair market value is supported by the facts adduced at trial.

In addition to the above questions posed by the plaintiff, the defendant Town of Northfield has filed a cross-appeal in which it contends that the court below erred in permitting the assistant judges to participate in the trial and sign the court's findings and conclusions.

For reasons to be stated in the body of this opinion, we feel that none of the questions raised by the parties in this case requires a reversal of the judgment of the Washington Superior Court.

## I.

It is, of course, true that the procedure for hearing property tax appeals established by 32 V.S.A. § 4461(a) requires that the matter be "heard by the presiding judge, sitting alone and without a jury." Further, 32 V.S.A. § 4467, dealing with the manner in which appeals are to be conducted, refers to the determining body as "the court of chancery". Historically, prior to the passage of 4 V.S.A. § 219 vesting the rights, duties and powers of a chancellor in the presiding judges of the superior courts, jurisdiction conferred in the court of chancery was deemed vested exclusively in a single chancellor. *Turner* v. *Bragg*, 113 Vt. 156, 159, 30 A.2d 450 (1943). Enactment of 4 V.S.A. § 219 continued this practice in respect to those matters falling within the purview of the courts of chancery. Obviously, then, the presence of the assistant judges in this particular jurisdictional area was unnecessary and should be regarded as surplusage. *Villeneuve* v. *Bovat*, 128 Vt. 345, 346, 262 A.2d 925 (1970). Even if the presence of the assistant judges was erroneous, defendant has failed to show how such error has harmed it in any way. The defendant is obliged to establish that the alleged error was prejudicial and injured its rights. *Brunelle* v. *Coffey*, 128 Vt. 367, 369, 264 A.2d 782 (1970); *Crawford* v. *State Highway Board*, 130 Vt. 18, 285 A.2d 760 (1971). Further, no objection was ever made at any time as to the presence of the assistant judges. Points not raised in the proceedings before the lower court will not be considered for the first time on appeal. *LaFountain* v. *Vermont Employment Security Board*, 133 Vt. 42, 48, 330 A.2d 468 (1974).

## II.

Plaintiff argues that the trial court erred in admitting into evidence sales which had occurred subsequent to the valuation date of plaintiff's assessment and in relying upon these sales in making certain of its findings.

32 V.S.A. § 4467 expressly directs the court to consider comparable properties. Which properties the court will consider and compare in reaching its decision as to fair market value is an evidentiary question laying within its sound discretion. *Connors* v. *Town of Dorset*, 134 Vt. 233, 236, 356 A.2d 536 (1976). The variables of proximity or remoteness of time or location of other

sales, and factors generally considered indicative of similarity or difference of properties for assessment purposes, rest largely in the discretion of the trial court and the findings should not be disturbed unless so dissimilar as to give rise to no comparison at all. *Paradysz* v. *Commonwealth*, 348 Mass. 775, 202 N.E.2d 795 (1964); 32 C.J.S. *Evidence* § 593(3). In the present case, it appears that all of the comparable sales were made within one year of the valuation date of the plaintiff's property. Moreover, all the sales weighed by the court in reaching its conclusion as to fair market value would seem, given their location and condition, to be readily comparable for appraisal purposes to the plaintiff's real estate. It is axiomatic that the trial court is the best judge of the weight and credibility of the evidence and that findings of fact are not to be set aside unless clearly erroneous and without factual support. V.R.C.P. 52; *Brown* v. *Pilini & Wilson*, 128 Vt. 324, 328, 262 A.2d 479 (1970). Since the sales in question were not so remote in time and provided a basis for a meaningful comparison, their admission into evidence was proper.

## III.

■ The plaintiff next contends that the court erred by refusing to make certain requested findings of fact.

The first of these requests to find concerns the failure of either the listers or board of civil authority to visit plaintiff's alleged property for purposes of assessing it. As was noted by this Court in the case of *Devoid* v. *Town of Middlebury*, 134 Vt. 69, 350 A.2d 349 (1975), the relevant statutes provide that an inspection of some sort is required of the Board of Civil Authority in arriving at its valuation for tax purposes. However, that case did not involve a statutory appeal by a taxpayer to superior court with a trial de novo, but was instead a civil action filed to recover alleged excess tax payments. Title 32 V.S.A. § 4467 provides that the appeal be conducted as a trial de novo. We have repeatedly stated that when the superior court proceeds on a de novo basis it is to make its own factual determinations from the evidence presented to it. *International Paper Co.* v. *Town of Winhall*, 133 Vt. 385, 386-87, 340 A.2d 42 (1975); *Town of Barnet* v. *Central Vermont Public Service Corp.*, 131 Vt. 578, 580, 313 A.2d 392 (1973); *Vermont Marble Co.* v. *Town of West Rutland*, 134 Vt. 308, 309, 360 A.2d 91 (1976). Obviously whether the Board of Civil Authority visited plaintiff's property or not can have little bear-

ing on the trial court's obligation to make its own determination as to fair market value. Accordingly, any findings on this subject could have no effect on the outcome of the case.

As for the trial court's failure to make the requested findings as to the plaintiff's original cost for the property in question, we are of the view that such matters are significant only when placed in the context of a relevant time span. The transactions by which the plaintiff originally acquired the property occurred in 1929 and 1956 and could have little bearing on the fair market value of the property as of April 1, 1973.

■ The court has no specific duty to make findings, requested or otherwise, on each point raised. Findings are sufficient if they dispose of the issues presented. *Wells* v. *Village of Orleans, Inc.*, 132 Vt. 216, 221, 315 A.2d 463 (1974); *Shaw* v. *Shaw*, 99 Vt. 356, 358, 133 A. 248 (1926). Therefore, we find no error in the trial court's refusal to make the other requested findings.

IV.

■ Lastly, plaintiff claims that the fair market value set by the trial court is without support in the evidence and therefore constitutes reversible error.

It is, of course, fundamental that the court's decision of fair market value must be based upon legitimate evidence. *Petition of Mallary*, 127 Vt. 412, 250 A.2d 837 (1969). As noted earlier in this opinion, the court's findings as to fair market value are subject to the "clearly erroneous" test and it is the duty of this Court to view the evidence in the light most favorable to the prevailing party. *Green Mountain Marble Co.* v. *State Highway Board*, 130 Vt. 455, 457, 296 A.2d 198 (1972). From a review of the record, it appears that the court below duly considered the availability of the property, its potential uses, its functional deficiencies, and sales of comparable properties in arriving at its ultimate decision. See *Bookstaver* v. *Town of Westminster*, 131 Vt. 133, 136-37, 300 A.2d 891 (1973). Evidence from both parties was presented on all of these factors. It is a basic rule of law that where the evidence is conflicting or gives rise to various inferences, credibility and weight are matters to be left to the trial court's discretion when it acts as trier of fact. *Connors* v. *Town of Dorset, supra*, 134 Vt. at

235. The findings of the trial court are amply supported by the evidence and will not be disturbed.

*The judgment of the Washington Superior Court is affirmed.*