## Harold & Loraine Tolman v. William R. Carrick

[385 A.2d 1119]

No. 128-76

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed April 24, 1978

*May & Davies*, Barton, for Plaintiffs.

*Adams, Meaker and Darby*, Waterbury, for Defendant.

**Daley, J.** The defendant appeals from a judgment entered upon a jury verdict awarding damages to the plaintiffs for the breach of a contract. The terms of the contract, whereby the plaintiffs held a first refusal option in certain lands owned by the defendant, are not in issue and the breach was admitted by the defendant. The only question submitted to the jury was the amount of damages which the plaintiffs were entitled to receive. At the outset of the trial the defendant claimed and still claims that the plaintiffs were entitled to recover only the price paid by them for the option and the expenses they incurred in reliance thereon without any regard to the value of the land. The trial court, however, rejected this theory and the parties introduced evidence of the fair market value of the land at the time it was sold to a third party for the sum of $18,075.00 in contravention of the agreement.

Both parties placed before the jury testimony of expert witnesses who gave opinions as to value of the option property based upon their examination and consideration of sales of allegedly comparable properties. In arriving at his opinion, defendant's expert stated that he had considered sales of properties in the Towns of Greensboro, Hardwick and Walden. The plaintiffs, however, objected to any testimony relative to comparables in the Town of Wheelock. This objection was sustained. The defendant contends such ruling constitutes reversible error. We agree.

Although the admissibility of comparables is, in the first instance, a matter entrusted to the sound discretion of the trial court, *Batchelder* v. *State Highway Board,* 130 Vt.

263, 265, 291 A.2d 257, 258 (1972), the discretion is abused when exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Weeks* v. *Burnor,* 132 Vt. 603, 606, 326 A.2d 138, 140 (1974). Defendant's expert testified that he knew of sales of Wheelock properties comparable to the option property. At the time the trial court excluded further evidence along this line, it had before it only the fact that the offered comparable property was located in the Town of Wheelock. If the Wheelock property was comparable to the subject property, evidence of its value would have been relevant to the value of the option property. *Ames* v. *Town of Danby,* 136 Vt. 78, 385 A.2d 1075 (1978); see *Davis* v. *Cotey,* 70 Vt. 120, 122, 39 A. 628, 629 (1897). The trial court's exclusion of the Wheelock comparable because of its location in another town amounted to an abuse of discretion, and, accordingly, we reverse.

Since the cause must be remanded, we will comment on the remaining issues which are raised by defendant's appeal and which may recur on retrial. These issues include the proper measure of damages for a breach of a first refusal option contract, the admissibility of the testimony of plaintiff's expert concerning an auction sale of the option property as a subdivision, and the necessity of an instruction on the competency of the owner of real estate to testify as to its value.

■ The controlling measure of damage in this case is the value of the option contract to the optionee at the time of the breach. *Bender* v. *Shatzkin,* 48 Misc. 637, 637, 96 N.Y.S. 203, 204 (App. T. 1905); *McFerran* v. *Heroux,* 44 Wash. 2d 631, 269 P.2d 815, 822 (1954); *Sixta* v. *Ontonagon Valley Land Co.,* 157 Wis. 293, 147 N.W. 1042, 1045 (1914). F. James, Option Contracts § 1104, at 506–07 (1916). The parties do not dispute the rule but disagree over what evidence is admissible under the rule to establish the damage. Defendant contends that the only proper evidence of the value of the contract is the consideration paid for the option plus any expenditures made in reliance on the option. We disagree. While in certain instances involving the breach of an option contract damages are properly awarded consistent with a defendant's contention, see *Buchannon & Buchannon* v. *Bil-*

*lings,* 127 Vt. 69, 76, 238 A.2d 638, 643 (1968), such an award merely reflects the best available evidence in that instance.

In its charge to the jury the trial court instructed over defendant's objection that the proper measure of damage was the difference between the market value of the subject property at the time of breach and the option price of $18,075.00. It is not disputed that the price at which the property was sold to the third party determined the option price. See *Krupinsky* v. *Birsky,* 129 Vt. 400, 405, 278 A.2d 757, 760 (1971). The evidence on fair market value, however, is conflicting. Defendant's expert set the market value equal to the option price at $18,075.00. According to the court's instructions this evidence, if believed, would preclude any recovery by the plaintiffs. Recovery would be substantial, however, if the jury chose instead to believe plaintiffs' expert who set the fair market value in excess of thirty-three thousand dollars.

In this case there was no evidence of a separate value of the option nor of expenditures made in reliance on the option. The evidence presented by both parties related to the fair market value of the option property and included testimony on the value of the properties allegedly comparable to the option property and on the value of the option property itself as reflected by its subdivision and sale at auction. While the rule of damage remains, therefore, the value of the option to the plaintiffs at breach, the best and only evidence of that damage in the posture of this case is the difference between the fair market value and the option price. We find the trial court properly instructed the jury in accordance with this rule and the evidence in the case.

Defendant proceeds to argue that, in the event this Court determines fair market value to be relevant to the measure of damage in this case, certain evidence offered by plaintiff as allegedly probative of fair market value should have been excluded. Shortly after the subject property was sold to a third person for $18,075.00 in violation of the option contract, the same property was subdivided and resold at auction for a gross price in excess of $31,000.00. Defendant claims that evidence of this resale of the option property at auction was improperly admitted.

192

Plaintiffs' expert relied on the sale of several comparable properties in rendering his opinion, one such comparable being the sale of the option property as a subdivision. Testimony as to the value of property if subdivided is generally admissible on the issue of fair market value as evidence of the highest and best use of that land. *State* v. *Deal,* 191 Or. 661, 233 P.2d 242, 247 (1951); 4 Nichols, Eminent Domain § 12.3142(1), at 12.331 (3d ed. 1975). See *Bookstaver* v. *Town of Westminster,* 131 Vt. 133, 137, 300 A.2d 891, 893 (1973). Such evidence is excludable if the planned subdivision is too speculative, 4 Nichols, *supra,* at 12.330, or if the testimony refers to the value of the individual lots comprising the subdivision. 2 J. Lewis, Eminent Domain § 707, at 1236 (3d ed. 1909). Otherwise the degree of comparability of the value of the property as subdivided goes to the weight of the evidence and is a matter for the jury. See *Batchelder* v. *State Highway Board, supra,* 130 Vt. at 265, 291 A.2d at 258–59.

Plaintiffs' expert testified to the auction sale of a subdivision already in existence as a comparable and only to the total proceeds from the sale. This is hardly the kind of speculative testimony condemned by defendant's cited authority. See *Arkansas State Highway Commission* v. *Watkins,* 229 Ark. 27, 31, 313 S.W.2d 86, 88 (1958). In forming his opinion, the plaintiffs' expert did not, as alleged by the defendant, merely add together the sale prices of the twelve subdivided lots and then claim the total to be equal to the fair market value of the option property at the date of the breach. From the record it is clear that the auction sale, constituting only one of several comparables considered by the expert in computing fair market value, was properly admitted.

Defendant raises as his final claim of error that the court should have instructed, in accordance with defendant's request and objection, that pursuant to statute the owner of real estate is competent to testify to its value. 12 V.S.A. § 1604. Defendant correctly states the law and we agree that to so charge represents the better practice. In light of our reversal

of this case on other grounds, however, we do not reach the question of whether this omission from the charge of itself arises to the level of reversible error. V.R.C.P. 61.

*Reversed and remanded.*