## Vermont Structural Steel Corporation v. S. D. Ireland Concrete Construction Corporation

[406 A.2d 392]

No. 66-79

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed September 10, 1979

*Rosenberg and Rosenberg,* Burlington, for Plaintiff.

*Sylvester & Maley,* Burlington, for Defendant.

**Per Curiam.** Plaintiff-appellant (hereinafter the plaintiff) Vermont Structural Steel Corporation commenced an action

in the Chittenden Superior Court against S. D. Ireland Concrete Construction Corporation (defendant) for money owed in the amount of $1,478.09. The defendant stipulated as to its indebtedness to the plaintiff in this amount, but counter-claimed for services and materials furnished to the plaintiff at a construction site in St. Albans, Vermont, pursuant to an oral contract. Plaintiff answered denying the existence of the contract. At the time of trial the plaintiff moved to amend its pleadings in order to assert the affirmative defense of the Statute of Frauds, 12 V.S.A. § 181(2). Plaintiff's motion was denied. Following hearing, the trial court issued findings of fact and conclusions of law, and entered judgment for the plaintiff on the initial claim for $1,478.09 and judgment for the defendant on the counterclaim in the amount of $8,704.73.

Plaintiff claims that it issued a purchase order for the work in question to the general contractor for the job, Vermont Erect, Inc., which corporation is not related to the defendant. There was conflicting evidence concerning whom the defendant was to look to for payment, the plaintiff or Vermont Erect, Inc. Plaintiff challenges the findings of the trial court to the effect that the plaintiff and defendant entered into an oral contract, under which the defendant was to furnish certain construction materials and work at the building site in St. Albans, for which the plaintiff was to pay on a "cost-plus" basis.

■ Findings of fact shall not be set aside unless clearly erroneous, V.R.C.P. 52, since determination of the weight and credibility of the evidence and its persuasive effect is for the trier of fact. *Monti* v. *Town of Northfield,* 135 Vt. 97, 100, 369 A.2d 1373, 1376 (1977); *Seaway Shopping Center Corp.* v. *Grand Union Stores, Inc.,* 132 Vt. 111, 115–18, 315 A.2d 483, 486–88 (1974). The evidence in the case at bar can clearly be read to support the findings of fact, *Micalizzi* v. *Munger,* 134 Vt. 383, 384, 360 A.2d 89, 90 (1976), which are therefore not clearly erroneous.

■ The plaintiff further claims that the trial court erred in denying its request to amend its pleadings at trial to assert the affirmative defense of the Statute of Frauds, 12 V.S.A. § 181(2). Plaintiff's defense was based upon the lack

of a written promise or agreement on its part to answer for the debt of another, which the plaintiff claimed was necessary since, according to its view of the case, any money owed the defendant should have come from Vermont Erect, Inc., the general contractor.

The plaintiff failed to file its affirmative defense in answering the counterclaim as required by V.R.C.P. 8(c). We do not decide whether the trial court should have allowed the plaintiff to amend its pleadings on motion at trial under the liberal provisions of V.R.C.P. 15. If there was any error, it was harmless. The trial court properly found an independent contract between the plaintiff and the defendant, and not a promise by the plaintiff to pay the debt of another, so that the Statute of Frauds defense was not applicable, *Frigon* v. *Whipple,* 134 Vt. 376, 378–79, 360 A.2d 69, 70–71 (1976), and could not have had any effect on the outcome of the litigation.

*Affirmed.*