# Mettowee Lumber & Plastics Company v. Town of Sandgate

[411 A.2d 368]

No. 46-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed February 5, 1980

*DeBonis & Wright, P.C.,* Poultney, for Plaintiff.

*Evans, O'Neil & Meachem, Ltd.,* Manchester Center, for Defendant.

**Per Curiam.** This is a tax appeal by Mettowee Lumber & Plastics Company from a Bennington Superior Court order which found it to be the owner of two parcels of timberland, 140.8 acres and 2218.5 acres, in the town of Sandgate appraised at $22,204.00 and $327,628.00, respectively, for the year 1977.

The town, through its listers, had valued this timberland at $157.70 per acre for the smaller parcel, and $147.68 per acre for the larger parcel. Dissatisfied with these valuations, appellant appealed to the Sandgate Board of Civil Authority, 32 V.S.A. § 4404, which after a hearing upheld the town's appraisals. De novo review was then sought in Bennington Superior Court. 32 V.S.A. § 4467. That court upheld the appraised values for the two parcels of timberland.

On appeal, appellant alleges that: (1) the subject properties were appraised in excess of their fair market value; and (2) the subject properties were appraised inequitably when compared to the appraised value of other similar properties in Sandgate.

In a de novo appeal to the superior court under 32 V.S.A. § 4467, a presumption of validity and legality attaches to the actions of the listers. *New England Power Co. v. Town of Barnet,* 134 Vt. 498, 507, 367 A.2d 1363, 1369 (1976). Once evidence of the appraisal is introduced, this presumption remains until evidence fairly and reasonably tending to show that the property was appraised in excess of its fair market value is introduced. *Id.*

Appellant's first claim of error, that the properties were appraised in excess of their fair market values, attacks primarily the sufficiency of the evidence supporting the trial court's findings. V.R.C.P. 52(b). In attacking the sufficiency of the evidence appellant relies solely on the testimony of its one witness, Gary Burch, a forester and its employee. Ap-

pellant contends that this witness' testimony satisfied the burden of producing evidence which demonstrated an excessive appraisal. We disagree.

■■ The weight accorded evidence is, as we have repeatedly held, for the trier of fact and not for us. *Schwartz v. Town of Norwich,* 137 Vt. 130, 131, 400 A.2d 991, 992 (1979); *Monti v. Town of Northfield,* 135 Vt. 97, 100, 369 A.2d 1373, 1376 (1977). The trial court found, and correctly, that Burch's conclusions as to value, though using appellant's actual 1976 purchase costs for a small portion of this tract, were not determinative as these 1976 purchases were not at "arm's length," and therefore not reliable indicators of fair market value. See generally *Bookstaver v. Town of Westminster,* 131 Vt. 133, 136–37, 300 A.2d 891, 893 (1973). The witness' obvious interest and bias were also factors for the trial court's consideration. Appellant has failed to meet the burden of persuasion on this contested issue, which remains at all times with the taxpayer in a 32 V.S.A. § 4467 proceeding. *New England Power Co. v. Town of Barnet, supra,* 134 Vt. at 508, 367 A.2d at 1369.

The second claim of error is that the town failed to meet its burden of justifying its appraisal by demonstrating correct and uniform valuing of the subject property when compared to other Sandgate properties.

■ In appraising property, the listers must determine fair market value in accordance with statutory requirements and corresponding to the listed values of comparable properties. *Town of Barnet v. Central Vermont Public Service Corp.,* 131 Vt. 578, 581, 313 A.2d 392, 393 (1973). In the instant case, the lower court held, after extensive findings, that appellee's appraisal methods followed the statutory requisites. Appellee's appraisal formula used in part factors which this Court has approved in *Welch v. Town of Ludlow,* 136 Vt. 83, 385 A.2d 1105 (1978), and *Bloomer v. Town of Danby,* 135 Vt. 56, 370 A.2d 194 (1977), including location, use, access, road frontage, view, size, type and sales of comparable properties. See generally 32 V.S.A. § 3481.

Moreover, the record indicates that the listers viewed other properties, as well as the subject property, to further ensure

uniform valuations. 32 V.S.A. § 4601. This determination of fair market value, for purposes of uniformity, will not be disturbed unless some error of law is made to appear. See *International Paper Co.* v. *Town of Winhall,* 133 Vt. 385, 386, 340 A.2d 42, 44 (1975).

At trial, appellant placed in evidence only one small parcel, appraised at $80.00 per acre, to contest the town's numerous comparables. In addition, there was testimony below that this small woodlot was much steeper in grade, and therefore less valuable, than the subject property. The properties which a court will consider and compare in reaching its decision as to fair market value is an evidentiary question laying within its sound discretion. *Connors* v. *Town of Dorset,* 134 Vt. 233, 236, 356 A.2d 536, 538 (1976). Without more of a showing, appellant has not met its burden of persuasion.

The findings of the court and its conclusions being supported by the evidence, the entry will be judgment affirmed.

*Judgment affirmed.*