**Marilyn Smith v. Richard Claud Smith**

[427 A.2d 378]

No. 99-80

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed February 3, 1981

*Mark R. Butterfield* and *Joseph H. Badgewick* of *Ryan Smith & Carbine, Ltd.*, Rutland, for Plaintiff.

*Natt L. Divoll, Jr.*, Bellows Falls, for Defendant.

**Larrow, J.** At their 1975 divorce the parties entered into a stipulation later incorporated into the judgment. It provided for custody of two children, support payments, and a division of assets. Later, two contempt motions and plaintiff's motion for relief from judgment under V.R.C.P. 60(b) resulted in a combined hearing. The 60(b) motion alleged newly discovered evidence and fraud in its concealment, leading to the original stipulation, which, among other things, awarded business property of the parties to the defendant. Our disposition of this appeal obviates the need for extensive factual recitation. In brief, the trial court found, as plaintiff alleged, that defendant had substantially misrepresented some business assets, and was in arrears under the original judgment. It awarded plaintiff $2,000.00 as her share of these assets, $2,880.00 in arrearages and $349.70 as a share of a child's medical expense. We are compelled to reverse.

Defendant contends, and we agree, that V.R.C.P. 60(b), like its federal counterpart, calls for setting aside of the judgment and a new trial, not just a change in an existing order. Affirmative relief is not permitted by the express terms of the Rule, which provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . ." We have no Vermont cases, and there are few federal cases, on the issue of affirmative relief under Rule 60(b). Two cases hold that affirmative relief may not be

accorded under the Rule, beyond the setting aside of the judgment in question. *United States* v. *One 1961 Red Chevrolet Impala Sedan*, 457 F.2d 1353 (5th Cir. 1972); *Bishop* v. *United States*, 266 F.2d 657 (5th Cir. 1959). One case is contra, but on unique facts. *Conerly* v. *Flower*, 410 F.2d 941 (8th Cir. 1969). There a full trial on all issues had been held and a verdict rendered. Judgment for a lesser amount was entered upon a stipulation later found to be fraudulent. This was set aside and entry of judgment on the original verdict upheld; the court reasoned that the fraud, as to insurance coverage, could in no way have affected the verdict rendered, so that reinstatement of it was fully justified. Such is not the situation here. It cannot be said that, even though the mathematical effect on a property division was the amount found by the court, the stipulation entered into would have been identical except in that particular. The judgment was correctly set aside, upon the evidence presented, but a new trial of the original action on all issues except the divorce itself, which the parties do not contest, must be granted.

■ We note, in upholding the setting aside of the original judgment, that plaintiff's motion was based on two grounds. She claimed fraud, under V.R.C.P. 60(b)(3), and newly discovered evidence, under V.R.C.P. 60(b)(2). Although the issue of fraud was clearly controverted, our review of the record convinces us that the finding of the trial court is supported, that defendant knew of the asset in question, failed to list it with his other assets, and falsely represented it had been expended for business purposes. Moreover, on appeal, defendant does not contest the ground of newly discovered evidence, whether or not there was fraud. Issues not raised in the brief are waived. See, e.g., *In re Smith, Bell & Hauck Real Estate, Inc.*, 132 Vt. 295, 300, 318 A.2d 183, 187 (1974); *State Highway Board* v. *Pratt*, 127 Vt. 385, 250 A.2d 726 (1969). The plaintiff is entitled to relief under V.R.C.P. 60(b), but only in the setting aside of the original judgment in all particulars except the divorce itself.

■ The other salient features of the order below deal with matters not involved in the question of availability of relief from final judgment. They involve the nonpayment of support installments and of medical expenses under the provisions of

the original order. Defendant makes two contentions as to the arrearages he was ordered to pay, apparently not questioning the medical payments. He claims he is not responsible for the support of a minor daughter, severely handicapped and crippled, placed in a special home in Wisconsin. The amount which the plaintiff pays for this special care is not clearly established by the record, or found, but it is quite clear that she bears at least some of the expense. Even if she did not, the defendant was not entitled to terminate support payments unilaterally. *Brown* v. *Brown*, 134 Vt. 412, 365 A.2d 248 (1976). This claim of error is not sustained.

The second contention is that the amount of arrearages found is mathematically erroneous, and that it includes arrearages under a temporary order which were waived at the hearing on the merits. The amount owed in a case such as this is a question of fact, and we will not disturb the findings thereon unless clearly erroneous. V.R.C.P. 52(a). The finding was based upon an exhibit prepared by the plaintiff, and although some of the items were contested, no clear error is made to appear. And the order as entered states that the defendant's contempt is "for having failed to make child support in accordance with the final Judgment Order." This terminology precludes any inclusion of arrearages as to temporary support. The findings also make it clear that the arrearages pertain to the support order entered at the hearing on the merits. No error appears with respect to the arrearages as found.

*Paragraph 1 of the trial court order of February 19, 1980, filed February 21, 1980, is amended to read:*

*1. Paragraphs 3 through 14, inclusive, of the Judgment Order filed October 27, 1975, are stricken, and this cause shall be set for hearing forthwith on all matters covered therein.*

*As so amended, the order is affirmed. Each party shall bear his own costs in this Court.*