### Richard Villeneuve and Ardelle Villeneuve v. Town of Waterville

[446 A.2d 358]

No. 150-81

Present: **Barney, C.J., Billings, Hill, Underwood and Peck, JJ.**

Opinion Filed April 6, 1982

*Richard T. Cassidy*, Law Office of *David C. Drew*, Jericho, for Plaintiffs.

*Sargent & White,* Morrisville, for Defendant.

**Billings, J.** This is an appeal by the plaintiffs-taxpayers from a decision of the Lamoille Superior Court setting the fair market value of five woodlots owned by the plaintiffs on the 1978 grand list at $100.00 per acre, a substantial increase over the fair market value in 1977. The superior court sustained the listers' and board of civil authority's appraisals as to three of the lots. But it reduced two lots known as the Hyman Lots to the 1977 appraisal because of the listers' failure to comply with the requirements of 32 V.S.A. § 4404(c). On appeal here we are only concerned with the three woodlots whose appraisal remains at $100.00 per acre. Plaintiffs now claim that the trial court erred in two respects: (1) the findings of fact on the issue of uniformity are inadequate to comply with 32 V.S.A. § 4467, and (2) the trial court improperly excluded evidence of sales of similar properties offered to establish the fair market value of the comparable properties.

The plaintiffs claim the findings are inadequate because the court failed to specifically find the fair market value of comparable properties. Findings are to be construed in support of the judgment, and all conflicting inferences are resolved in favor of the prevailing party. *Hill* v. *Grandey,* 132 Vt. 460, 466, 321 A.2d 28, 32 (1974). 32 V.S.A. § 4467 mandates a finding of fair market value of subject properties. *Leroux* v. *Town of Wheelock,* 136 Vt. 396, 399, 392 A.2d 387, 389–90 (1978). Here the trial court found the fair market values of the properties involved and also found the sale price of a comparable property although not specifically stating it was fair market value. Fair market value is defined as the price which a property will bring in the market taking into consideration its availability, use, and limitations. 32 V.S.A. § 3481(1); *City of Barre* v. *Town of Orange,* 138 Vt. 484, 486, 417 A.2d 939, 941 (1980). The finding of a sale price, although not as specific as it might have been, is sufficient to support the judgment, as the sale price, which was arrived at in an arms-length transaction by a willing buyer and seller, is functionally the same as the fair market value. The trial court complied with 32 V.S.A. § 4467 in substance. Findings

are sufficient if they dispose of the issue presented, which they do here. *Monti* v. *Town of Northfield*, 135 Vt. 97, 101, 369 A.2d 1373, 1377 (1977).

As to the second issue, the plaintiffs offered evidence of sales of properties for the purpose of establishing the market value of plaintiffs' comparables. In effect the plaintiffs were not offering evidence of comparables to the property under appeal but rather evidence of comparables to the comparables. The plaintiffs rely on *Tolman* v. *Carrick*, 136 Vt. 188, 385 A.2d 1119 (1978), as showing that this evidence was relevant. That case is not a tax appeal and is distinguishable because it only concerned the admissibility of comparable property to the subject property and not, as here, comparables to comparables. In any event, which properties a trial court considers in reaching its decision is an evidentiary question which rests solely within the discretion of the trial court. *Mettowee Lumber & Plastics Co.* v. *Town of Sandgate*, 138 Vt. 63, 66, 411 A.2d 1368, 1370 (1980). Absent an abuse of discretion the relevancy is for the trial court. *Id.*

Upon review of the record here the trial court was well within its sound discretion in excluding evidence of comparables to comparables as relevant to the matters in issue.

*Affirmed.*