**Kenneth G. JACOBS, II v. Mr. & Mrs. Rodger CARROLL, No. 82-227**

July 8, 1983. viewing the evidence in the light most favorable to the prevailing party, the findings of fact and conclusions of law are not clearly erroneous. V.R.C.P. 52; *Collins* v. *Boudreau*, 141 Vt. 129, 131, 446 A.2d 341 (1982); findings of fact are construed in support of the judgment, and all conflicting inferences are resolved in favor of the prevailing party, *Villeneuve* v. *Town of Waterville*, 141 Vt. 154, 156, 446 A.2d 358 (1982).

**IN RE Sallyann STODDARD, No. 83-317**

July 8, 1983. The Court has determined that it has jurisdiction to hear a motion to stay a summons issued pursuant to the Uniform Act to Secure the Attendance of Witnesses from Without the State in Criminal Cases, 13 V.S.A. § 6641 et seq. See *M.C.A.* v. *California*, 128 Cal. App. 3d 225, 181 Cal. Rptr. 404 (1982); *New Jersey* v. *Geoghegan*, 76 A.D. 2d 894, 429 N.Y.S.2d 37 (1980).

The motion to stay is granted pending hearing on the merits, hearing to be scheduled during the September Term of this Court.

**Mark G. HALDEMAN v. METROPOLITAN PETROLEUM COMPANY, No. 82-543**

July 20, 1983. The Chittenden Superior Court's order of October 26, 1982, denying the plaintiff's V.R.C.P. 60(b) motion for relief from judgment, is affirmed.

Plaintiff's motion does not seek a vacation of the prior judgment, nor a new trial on all the issues. Rather, he requests to keep what he has secured—to have a further hearing where he can seek additional damages, without relitigating liability. V.R.C.P. 60(b) does not afford such relief. See *Smith* v. *Smith*, 139 Vt. 234, 427 A.2d 378 (1981).