## Richard and Jane Burris v. William Craven

[477 A.2d 627]

No. 82-473

Present: **Hill, Underwood, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed April 20, 1984

*Olin R. McGill Jr.,* of *Kelley & Meub, Ltd.,* Middlebury, for Plaintiffs-Appellants.

*Smith and Craven,* Middlebury, for Defendant-Appellee.

**Barney, C.J.** (Ret.), Specially Assigned. This is an appeal from a small claims decision rendered by the Addison District Court. Plaintiffs-appellants sued defendant-appellee, seeking the return of $500 paid to obtain an option to buy defendant's home. After trial by court, the judge ruled that the defendant was entitled, under the terms of a written contract between the parties, to retain the $500 down payment.

The case turns on its facts, which are somewhat involved. On May 1, the plaintiffs paid the defendant $500 as consideration for an option to purchase defendant's home, for a total purchase price of $48,000. A term of the option provided that the $500 would be returned to the plaintiffs "if a loan cannot be processed by FmHA [Farmers Home Administration]." The option was to terminate May 21, but contained a renewal provision that was conditioned on the plaintiffs' eligibility for a Farmers Home Administration [FHA] loan.

The FHA turned down the plaintiffs' loan application for the purchase of the defendant's house, thus terminating the option renewal provision. Additionally, the FHA informed the plaintiffs that their FHA loan eligibility would lapse if a loan application on an approved property was not submitted within thirty days. In order to maintain their FHA eligibility, the plaintiffs made a $500 down payment on a second, prospective home.

When defendant was made aware of the plaintiffs' second down payment, he was assured, by the plaintiffs, that they still wished to purchase his home if suitable financing could be arranged. On May 29, the plaintiffs signed an agreement with the defendant, called an Addendum. Under the terms of the

Addendum, the May 1 option was extended to June 2, subject this time to the plaintiffs' ability to secure financing from any source.

The plaintiffs had $10,000 of their own resources to invest in a home. The defendant's mortgagees agreed to loan the plaintiffs $35,000 at 15%. This left $3,000 still to be financed. At some point between May 29 and June 2, the defendant offered to loan the $3,000 to the plaintiffs at 15% over one year. The plaintiffs turned down the defendant's offer, on the ground that they could not afford the monthly payment on $3,000 at 15% in addition to the monthly payment on $35,000 at 15%. According to the defendant's testimony, he later enlarged his offer, extending the period of financing and providing that, for the first two repayment years, the plaintiffs would be liable for paying only the interest. Plaintiff Robert Burris testified that he could not recall if the defendant made this enlargement of his original offer. The sale was never consummated, and the plaintiffs purchased the other house. Defendant claimed the right to retain the $500 because financing had been made available to the plaintiffs and they had turned it down.

■ The small claims court, ruling in favor of the defendant, found that financing was available as provided for in the May 29 Addendum agreement, and that the plaintiffs forfeited their $500 down payment by electing to forego the defendant's offer of the $3,000 loan. Findings of fact and conclusions of law by the trial court will not be disturbed on appeal unless clearly erroneous. *Finley* v. *Williams*, 142 Vt. 153, 155, 453 A.2d 85, 86 (1982).

■■ Here, there was sufficient evidence to support the court's judgment in favor of the defendant. Both parties agreed that there was a contract; the only conflict was whether defendant's offer to loan the plaintiffs the $3,000 was made in good faith, or was offered merely to justify the retention of the plaintiffs' down payment. "It is a basic rule of law that where the evidence is conflicting or gives rise to various inferences, credibility and weight are matters to be left to the trial court's discretion when it acts as trier of fact." *Monti* v.

*Town of Northfield,* 135 Vt. 97, 101, 369 A.2d 1373, 1377 (1977).

*Affirmed.*