VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      23-AP-184

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JANUARY TERM,   2024

Sonya Sprague v. Thomas Sprague\*

}    APPEALED FROM:
}    Superior Court, Addison Unit,
}    Family Division
}    CASE NO. 23-FA-01472
     Trial Judge: Kathryn A.C. Kennedy

In the above-entitled cause, the Clerk will enter:

Defendant appeals from the final relief-from-abuse (RFA) order entered by the family division. We affirm.

Plaintiff and defendant are married and have three minor children. In May 2023, plaintiff filed a complaint for relief from abuse alleging that defendant had sexually assaulted her. The family division held a final hearing in June 2023. After hearing testimony from plaintiff, plaintiff's brother and sister-in-law, and defendant, the court issued oral findings.

The court found that in April 2023, plaintiff was taking a shower when defendant entered without invitation. He attempted to digitally penetrate her vagina but missed and penetrated her anus. This caused her pain and she yelled, "ow." Defendant then retreated from the shower. The court found that this constituted abuse. It found that there was a danger of further abuse, as evidenced by plaintiff's testimony that on prior occasions, defendant had touched her breasts without her permission. The court did not find that defendant had abused the children. It issued a one-year abuse-prevention order prohibiting defendant from abusing plaintiff or contacting her for any reason other than to discuss parent-child contact and finances.

"In matters of personal relations, such as abuse prevention, the family court is in a unique position to assess the credibility of witnesses and weigh the strength of evidence at hearing." Raynes v. Rogers, 2008 VT 52, ¶ 9, 183 Vt. 513. Accordingly, we review the family court's decision to grant an RFA order "only for an abuse of discretion, upholding its findings if supported by the evidence and its conclusions if supported by the findings." Id.

On appeal, defendant argues that there was insufficient evidence to support the court's determination that defendant abused plaintiff. Specifically, defendant contends that there was no evidence that plaintiff ever told defendant that she did not consent to the incident in the shower or when he touched her breasts. We conclude that the court's determination is supported by the evidence and findings, which justified the issuance of the final order.

The abuse-prevention statute requires the family court to issue an RFA order if it finds that the defendant has abused the plaintiff and there is a danger of further abuse. 15 V.S.A. § 1103(c). The plaintiff has the burden of demonstrating abuse by a preponderance of the evidence. Id. § 1103(b). The statutory definition of abuse includes "the occurrence of one or more" acts of sexual assault, as defined in 12 V.S.A. § 5131(5). 15 V.S.A. § 1101(1)(E). Section 5131(5) defines "sexual assault" to mean that the defendant engaged in conduct against the plaintiff that meets elements of sexual assault as defined in 13 V.S.A. § 3252. That statute, in turn, prohibits a person from engaging in a sexual act with another person without the other person's consent. 13 V.S.A. § 3252(a)(1). A "sexual act" includes "any intrusion, however slight, by any part of a person's body or any object into the genital or anal opening of another." Id. § 3251(1). " 'Consent' means the affirmative, unambiguous, and voluntary agreement to engage in a sexual act, which can be revoked at any time." Id. § 3251(3).

Here, plaintiff testified that defendant penetrated her anus with his finger, which constitutes a sexual act under 13 V.S.A. § 3251(1). Plaintiff also testified that it hurt, and that she asked defendant why he did it. She was upset enough to tell her sister-in-law and to file a complaint for legal separation as well as the complaint for relief from abuse. The trial court could reasonably infer from these facts that plaintiff did not affirmatively, unambiguously, and voluntarily consent to engage in the anal penetration. See id. § 3251(3); Connors v. Town of Dorset, 134 Vt. 233, 235 (1976) ("Where the evidence is conflicting or would support different inferences, credibility and weight are for the court when it sits as trier of the facts."). Contrary to defendant's claim, plaintiff was not required to verbally inform him that she did not consent to this act for it to constitute sexual assault. The above evidence was sufficient to demonstrate that plaintiff did not consent, and in turn supported the court's finding that defendant abused plaintiff as defined by the statute.

Defendant further argues that the evidence does not support the court's finding that there was a danger of further abuse. We disagree. The court found that there was a danger of further abuse based on plaintiff's testimony that defendant had, on previous occasions, grabbed and squeezed her breasts in front of the children. Again, the court could reasonably infer from the circumstances that plaintiff did not consent to this touching, and could rely upon it to conclude that there was a risk that defendant would continue to engage in similar unwanted sexual contact in the future. While defendant argues that there was no evidence that he was physically violent, engaged in stalking, or tried to touch plaintiff outside the home, the statute does not require the court to make such findings to support an RFA order.

Defendant also claims that any danger of further abuse was mitigated by the court's concurrent order in the separation proceeding that granted plaintiff sole possession of the marital residence. Defendant did not raise this argument during the proceeding below, and therefore did not preserve it for our review. Even if he had, as discussed above, there was sufficient evidence for the court to find a danger of further abuse. The existence of conflicting evidence in the record does not render its finding clearly erroneous. See Gilbert v. Davis, 144 Vt. 459, 461 (1984) ("The ruling of the court must stand if supported by credible evidence, even though there may be inconsistencies or substantial evidence to the contrary.").

Finally, defendant argues that the trial judge solicited privileged information and hearsay testimony from plaintiff and plaintiff's witnesses, depriving him of a fair trial. Defendant argues that it was improper for the court to say to plaintiff, after she testified that she had told the elders in her Jehovah's Witness congregation about defendant's behavior, "tell me a little bit about the process within your community about going to see your elders." Assuming that the religious

privilege applied to plaintiff's testimony, which is by no means clear, defendant waived this issue by failing to object below.  See Peachey v. Peachey, 2021 VT 78, ¶ 13, 215 Vt. 570 ("To properly preserve an issue for appeal a party must present the issue with specificity and clarity in a manner which gives the trial court a fair opportunity to rule on it." (quotation omitted)).  Defendant also claims that the court erred in allowing plaintiff's witness to testify about hearsay statements made to her by plaintiff.  Again, defendant did not object to the alleged hearsay at trial.  We therefore decline to consider these arguments.  See id. (declining to address unrepresented litigant's claims that family court violated his right to due process in relief-from-abuse proceeding because he did not raise claims before trial court).

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Karen R. Carroll, Associate Justice

William D. Cohen, Associate Justice