### Fayetteco, Inc. v. City of South Burlington

[313 A.2d 3]

No. 216-72

Present: Barney; Smith, Keyser and Daley, JJ., and Hill, C. Supr. J.

Opinion Filed December 4, 1973

*Frederick J. Fayette, Esq.,* Burlington, for Plaintiff.

*Ewing & Spokes,* Burlington, for Defendant.

**Barney, J.** This appeal challenges an appraisal of the plaintiff's land for tax purposes. Both sides argue that the decision reached in county court is unsupportable, but in opposite directions. The lower court reviewed the result reached by the board of civil authority and found it too high. In reducing it, the court disappointed the plaintiff by not reducing it enough, and upset the defendant by the size of the reduction. The defendant brings the appeal.

The land is located on U.S. Route 7 in South Burlington. The exact acreage is a disputed issue, but seems to be between 30 and 35 acres. The parcel is irregular in shape, with some 230 feet of frontage on Shelburne Road (U.S. Route 7). This part of the land, to a depth of 825 feet, is zoned "Business A". The remaining property to the rear is zoned industrial and has access to a railroad.

A principal question with respect to taxation of this property relates to the fact that the land has about 800 fruit trees on it, of which all but one hundred have been established since at least the 1940's. The production of these trees is retained for the personal use of the Fayette family, and it is not operated as a commercial orchard. There is a special statute, 32 V.S.A. § 3607, relating to land planted to fruit trees:

> When the owner of land, cultivated or uncultivated, has planted the same to fruit trees, such land shall continue to be set in the list at the same valuation as similar land not so planted, but which is used for general agricultural purposes. Increase in the valuation of such land for taxation shall not be made for fifteen years on account of trees growing thereon.

The first argument of the plaintiff is that this statute requires that all of this land must be valued as agricultural land. This claim is based on its reading of the above statute. In treating this claim consideration must be given the fact

that only about one hundred pear trees, limited to one portion of the property, are still within the fifteen year measure.

■ It is this Court's view of the statute that its purpose, when it was enacted in 1912, was to protect and encourage commercial orchards. It simply provides that the improvement of agricultural lands by the planting of fruit trees shall not be a basis to increase their taxable value above that of land used for general agricultural purposes, with no increase in value as agricultural land because of those trees to be made for fifteen years. It seems plain that the legislative purpose did not reach beyond this, particularly since the prospect of dramatic value changes in essentially rural lands due to potential shopping center, suburban industrial or highway business use had not then developed. We find in the statute no intent to protect land from taxation on account of a heightened value for nonagricultural use. The statute does not justify application beyond its intended use. The plaintiff's claim for a tax basis as agricultural land on account of 32 V.S.A. § 3607 is unavailing.

The result reached by the trial court is essentially based on a reconciliation of the tax burden of the plaintiff's land with the city's treatment of land found by the court to be similar or comparable. To bring the listed value into correspondence with comparable properties is a duty of the court under 32 V.S.A. § 4467.

■ As noted in the findings, no evidence as to market value was presented. Making its adjudication on the basis of what evidence was available to it, the court found that valuing the entire property on a commercial basis was inconsistent with the city's treatment of other properties, having in mind that it was divided between two zones. On that part zoned Business A the court accepted the appraisal basis of the defendant city, subject to certain mathematical corrections. That acceptance was based on evidence that demonstrated that the city applied a business value measure to properties so zoned even where they remained in orchard or other agricultural use. The facts warrant such a measure, and the law sanctions such an approach.

As to the portion zoned Industrial A, the court rejected the use of the business zone valuation, and looked to the applica-

tion of industrial zone valuations to areas still in agricultural use. The evidence disclosed that there were properties still in agricultural use and zoned industrial within the city. Using the acreage valuation from such property, the court arrived at a separate valuation for the industrially zoned portion, and, by combination, reached its final valuation.

The defendant objects to the acceptance by the court of certain properties as comparables. It seems to be contending that its evidence should compel the trial court to ignore the zoning classification imposed on the property by the city, and appraise the whole parcel as though it were Business A zoned. Unless there was evidence that properties in either zone were equally valued for tax purposes, the court could not do so. There was no such evidence.

The valuations of the trial court, being based on determinations of fact which were its province, will not be relitigated in this Court. See *In re Town of Essex*, 125 Vt. 170, 172, 212 A.2d 623 (1965).

On the legal issue of compliance with the directive of 32 V.S.A. § 4467 the trial court must be sustained. The presumption in favor of the actions of the assessing officers was overthrown by the factual demonstration that comparable properties, having in mind their zoning classifications, were not assessed at corresponding values. This the trial court quite properly undertook to correct.

There is one uncertainty remaining in the case. There seems to be some question as to the exact acreage still belonging to the plaintiff. Ordinarily, we would accept the trial court's finding on this issue also. However, the argument that there is confusion based on the records appears to have some substance. Since such an issue ought to be easily resolved, to avoid any injustice, we will remand to give the parties an opportunity to settle this, and make such adjustment in the trial court's order as may be required, if any. Otherwise, the judgment order should stand.

*The judgment is affirmed subject to such correction in the acreage and corresponding appraisal as may be necessary, and the cause is remanded for that purpose.*