## International Paper Company v. Town of Winhall

[340 A.2d 42]

No. 68-74

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed June 3, 1975

*Garfield H. Miller, Esq.,* of *Black and Plante,* White River Junction, for Plaintiff.

*Evans, O'Neil, Stewart & Wolfe,* Manchester Center, for Defendant.

**Barney, C.J.** This case involves the assessment of real estate taxes. Through consolidation, it deals with three tax appeals.

Two involved property owned by American Central Corporation as taxed in the years 1971 and 1972, totaling some eleven hundred and forty acres, divided into two parcels. The other appeal relates to a single parcel of six thousand, five hundred and sixty-nine acres owned by International Paper Company as appraised in 1972. American Central Corporation appears in the record as a wholly-owned subsidiary of International Paper Company.

The litigation began in the ordinary manner, with the taxpayers seeking relief from the Winhall listers, then taking their refusal to the local board of civil authority. Obtaining no favorable action there, an action was brought to Bennington County (Superior) Court.

That court, after hearing, made findings and issued its judgment order. The order substantially reduced the appraisals in each case. The town of Winhall thereupon brought this appeal.

The governing statute is 32 V.S.A. § 4467, which reads:

> Upon the appeal to the board of appraisers or the court of chancery, the board or court shall proceed de novo and determine the correct valuation of the property as promptly as practicable. The board or court shall take into account the requirements of law as to valuation, and the provisions of Chapter I, Article 9 of the Constitution of Vermont and the 14th Amendment to the Constitution of the United States. If the board or court finds that the listed value of property subject to appeal does not correspond to the listed value of comparable properties within the town, the board or court shall set said property in the list at a corresponding value. The findings and determinations of the board shall be made in writing and shall be available to the appellant.

This statute must be read in conjunction with 32 V.S.A. § 4601, which requires that all property taxes be uniformly assessed. The determination of fair market value for the purposes of this uniformity will not be disturbed unless some error of law appears. *In re Heath*, 128 Vt. 519, 522–23, 266 A.2d 812 (1970).

In the appraisal proceedings conducted by the court below, its function is to act de novo, and to make its own factual

determination from the evidence presented to it. 32 V.S.A. § 4467; *Barnet* v. *Central Vermont Public Service Corp.*, 131 Vt. 578, 580, 313 A.2d 392 (1973). Its central concern, under that statutory mandate, is to determine whether or not the listed value of the taxpayers' properties involved corresponds to the listed value of comparable properties. *In re Reed*, 129 Vt. 102, 105, 272 A.2d 127 (1970). If this correspondence does not obtain, the court must then set the taxpayers' properties in the grand list at an appropriately corresponding value. *Bookstaver* v. *Westminster*, 131 Vt. 133, 142, 300 A.2d 891 (1973).

This the lower court assumed to do. The town of Winhall asserts that it was not done in a manner proper under the law. The first challenge relates to the court's use of the phrase "fair market value for tax purposes" which appears in a number of findings. The complaint is that this phrase suggests that a property may have a given value for the market place and another for tax assessment purposes.

The record does not bear out this claim. The term "fair market value for tax purposes" first appears in the findings with reference to the appraisal value placed on lands by the Winhall listers. As 32 V.S.A. § 3481(1) states: " 'Appraisal value' shall mean the estimated fair market value . . . ." It is a value arrived at a special time determined by the tax law, and is an estimate required by tax law arrived at by application of marketing measures. But it must be acknowledged that the value reached is artificial in the sense that it is not an actual product of a bargain-sale transaction, and is related to a particular date not established by a time of sale. The labeling of such a contrived value as a "fair market value for tax purposes" is not only appropriate, but accurate.

The town also asserts that evidence of fair market value from one of the listers, essential to the proper resolution of the issue here, was barred by the lower court. The record does not bear this out. Although an early question was held objectionable, the lister ultimately testified as to his appraisals of the taxpayers' properties' fair market value, as well as that of comparable properties.

Perhaps it should also be mentioned that, from the standpoint of the kind of issues raised in this sort of case, involving comparative values, it is of more urgency to examine the uniformity of the appraisals and the equitability of them on a

comparative value basis, than it is to test them for precision with respect to market value. If all property values are, for example, set at what appears to be, say, ninety per cent of market value—or even one hundred and ten per cent of fair market value, the taxpayer's burden can still be fairly allocated if the given value standard has been properly applied to all properties. A court need not fail in its function to bring about a correspondence in listed values of comparable value, even if evidence as to market value is deficient or totally lacking, if other supporting evidence is available. *Fayetteco, Inc.* v. *South Burlington*, 131 Vt. 625, 627, 313 A.2d 3 (1973).

■ The town also argues that the evidence does not support the findings of the trial court with respect to differences between two of the parcels owned by American Central Corporation. The two parcels adjoin the Stratton Mountain ski area. One, of the 356 acres, has frontage on the access road leading to the ski area. The other, consisting of 784 acres, does not. The trial court valued the two pieces separately on that account.

The listers' valuation of the smaller parcel was essentially retained, but the appraisal of the larger was substantially reduced. The town says that the alleged lack of access is not a justifiable distinction in this case, because access to the public road could be provided over land belonging to the International Paper Company. This, quite obviously, even if possible, is not the same as the situation of a parcel literally abutting a public highway, and, in this case, affords justification for different treatment. This Court will not relitigate valuations made below, properly based on determinations of fact, which are the province of the trial court. *Fayetteco, Inc.* v. *South Burlington, supra,* 131 Vt. at 628.

The remaining objections of the town to the findings and order below relate to the characterization of some of the evidence of value as "appraised" value, rather than "fair market value". Of course, as already noted, "appraised value", for the purposes of 32 V.S.A. § 3481, is to be taken to mean "estimated fair market value". More than that, the transcript reveals extensive testimony relating to other parcels in the town sufficient to support the conclusions of the court below as to fair comparables. Unlike the situation in *In re Reed, supra,*

129 Vt. at 105, it appears that this tribunal adequately carried out its duty to compare listed values, and set the subject properties in the list at values corresponding to comparable properties, all as established by adequate evidence.

*Judgment affirmed.*