## Town of Barnet v. The Palazzi Corporation

[376 A.2d 24]

No. 268-76

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed June 7, 1977

*John C. Candon and Garfield H. Miller of Black and Plante,* White River Junction, for Plaintiff.

*Paterson, Gibson, Noble & Brownell,* Montpelier, for Defendant.

**Hill, J.** This is a tax appeal taken by the Town of Barnet pursuant to 32 V.S.A. § 4467 from action of the State Tax Appeal Board substantially reducing the appraised value of

certain heavy construction equipment owned by the Palazzi Corporation for the tax year 1975.

The appellee, Palazzi Corporation, is a New Hampshire enterprise engaged in the highway construction business. It acquired a contract for work to be performed on the interstate highway in the Town of Barnet, and, under 32 V.S.A. § 3603, became liable for personal property tax on its equipment for the year of 1975.

Upon the request of the local tax listers, the appellee filed a personal property inventory form showing its taxable construction equipment to have an appraised, or fair market value of $816,000.00, and a listed value of $408,000.00. 32 V.S.A. §§ 3481, 4003. These valuation figures submitted by the appellee were accepted by the listers, and the property was placed in the town grand list at the appropriate statutory sums. On receiving its tax bill from the Town of Barnet, the appellee filed an appeal with the Commissioner of Taxes pursuant to 32 V.S.A. § 4461. The basis for this appeal was the appellee's view that it had not been equally treated with the resident taxpayers in Barnet and that the listed value to fair market value ratio prevailing in the town had not been applied to its property.

On June 22, 1976, a hearing was had before the Vermont Tax Appeal Board for the Northern District of Vermont. The appellee introduced before the board a copy of a letter written by George G. O'Brien, Director of the Property Tax Division, Vermont Department of Taxes, to one of the town listers. In that letter, Mr. O'Brien stated:

> Our latest equalization study indicates that personal property in Barnet is in fact appraised at nearly 100% of fair market value. . . . We estimated it was listed at nearly 48% of its value. In regard to real estate, not including utilities, we estimated listed value represented from 18% to 30% of fair market value. The weighted average for the entire town including both real and personal property was estimated at 30.69%.

The only evidence adduced regarding the presence and tax status of any comparable property in the town was to the effect that a highway construction firm had, between April 1 and the 15th of December, maintained "some equipment" in Barnet which had been "treated in a like manner" with no appeal taken.

Following this proceeding, the board issued its findings of fact and opinion in which it stated:

> The Board believes that the Town of Barnet has, indeed, appraised and listed the property in question properly; however, because there is such a large disparity between the property under consideration and other properties within the Town, some adjustment must be made. It is the opinion of this Board that all properties whether real or personal, must demonstrate an equitable ratio of listed value to fair market value in order to sustain the principles of equity.
>
> . . . .
>
> Since the only evidence offered at the hearing was that evidence supplied by the appellant referring to the equalization study conducted by the State of Vermont, it is the opinion of the Board that the fair market value of the subject property be lowered by 40% and thus establishing the appraisal value of $490,000.00 for the year 1975.

The Town of Barnet has chosen to appeal this determination of the Tax Appeal Board.

Pursuant to V.R.A.P. 13(d), the Commissioner of Taxes has certified two questions for review. However, the parties have chosen not to brief the second of these, and therefore, we will forego its consideration. *Swanton* v. *Highgate*, 128 Vt. 401, 264 A.2d 804 (1970).

Stated in the context of the facts of this case, the remaining certified question is twofold in nature: (1) Whether statutory and constitutional considerations mandate that both real and personal property be treated on the same basis; (2) Whether the State Board of Tax Appeals is required to ensure that the personalty of the appellee taxpayer is listed at the common ratio for all properties that exist in the taxing jurisdiction rather than at the ratio pertaining in only a particular category of property within that jurisdiction.

Generally, then, the issue is whether the Board complied with its statutorily imposed duties in taking the presently appealed action. It is our conclusion from review of the relevant statutory, constitutional, and case law that the appellant has not demonstrated sufficient grounds to warrant reversal of the board's decision.

## I.

Title 32 V.S.A. § 3481 states that, " 'Listed value' shall be an amount equal to fifty per cent of the appraisal value. The ratio shall be the same for both real and personal property." This statutory requirement of uniformity, together with the directive of 32 V.S.A. § 4601 that all taxes be uniformly assessed, is a legislative implementation of the proportional contribution clause of Ch. I, Art. 9, of our Vermont Constitution, as well as the Fourteenth Amendment to the United States Constitution. There can be no doubt that the listing procedures applied to real and personal property in the Town of Barnet do not comply with this standard of uniformity. The appellant town, however, directs our attention to the following language of 32 V.S.A. § 4467:

> If the board or court finds that the listed value of the property subject to appeal does not correspond to the listed value of comparable properties within the town, the board or court shall set said property in the list at a corresponding value.

In light of the obligation imposed by § 4467 that the board consider "comparable properties", the appellant argues that the board's conclusion that all property, real and personal, must be subjected to a uniform ratio of fair market to listed value is erroneous.

It would appear that the premise behind the appellant's argument is that § 4467 restricts the board's review in cases of this sort exclusively to comparison of other taxable *personal* property in the jurisdiction. Once having determined that the appellee's property was listed at a percentage equal, or nearly so, to that applied to other personalty in Barnet, the appellant asserts that the board's duty under § 4467 was satisfied and it was required to affirm the action of the town listers.

It seems to us, however, that the appellant's argument is flawed in that it fails to account for the constitutional and statutory mandate that taxpayers be treated equally.

In the case of *Bookstaver* v. *Town of Westminster*, 131 Vt. 133, 142-43, 300 A.2d 891 (1973), this Court ruled that:

> The law requires that the methods of taxation must operate equally upon all of the inhabitants. See Chapter I,

Article 9, Vermont Constitution; Fourteenth Amendment to the United States Constitution; *Clark* v. *Burlington*, 101 Vt. 391, 143 A. 677 (1928); *In re Hickok's Est.*, 78 Vt. 259, 62 A. 724 (1906). This law applies equally to the evaluation of property for tax purposes.

██ ██ Equalization and uniformity of taxation necessarily implies equality as to the burden of taxation. Obviously, this goal cannot prevail without uniformity in the basis of the assessment of both "fair market" and "listing" value. See *Addington* v. *Board of County Commissioners*, 191 Kan. 528, 382 P.2d 315, 318-19 (1963).

The fact that the appellee's property is listed in accord with the statutory fifty per cent ratio is immaterial given the undeniable discrimination that exists in this case. The constitutional requirement of uniformity takes precedence over a legislative directive to list at a fixed percentage of fair market value. The fact that a given property is appraised and listed at the appropriate statutory rate does not foreclose the fact that the rate may be discriminatory. *Gordon* v. *Hiett*, 214 Kan. 690, 522 P.2d 942, 948 (1974).

We impliedly noted this fact in the case of *International Paper Co.* v. *Town of Winhall*, 133 Vt. 385, 387-88, 340 A.2d 42 (1975):

> [I]t is of more urgency to examine the uniformity of the appraisals and the equitability of them on a comparative value basis, than it is to test them for precision with respect to market value. If all property values are, for example, set at which appears to be, say, ninety percent of fair market value - or even one hundred and ten percent of fair market value, the taxpayer's burden can still be fairly allocated if the given value standard has been properly applied to all properties.

Accordingly, from the foregoing discussion, we would answer the first question in the affirmative.

## II.

As for the second question posed for our review, we feel that the issue it concerns cannot properly be dealt with in the context of the facts of this appeal. The record before us gives no indication whatever that any "common level" or ratio was

applied to the appellee's property, nor even that such ratio exists in the Town of Barnet.

In prior cases, we have determined that in the § 4467 de novo hearing the taxing authority has the burden of showing fair market value. Having done so, the presumption is that the appraisal and subsequent listing is valid. To rebut this presumption, the taxpayer must produce countervailing evidence, such as the lack of uniformity, or a showing of excessiveness. *Schweizer* v. *Town of Pomfret*, 134 Vt. 436, 365 A.2d 134 (1976). Here, the taxpayer-appellee clearly met its burden of showing patent inequality in the ratio of fair market to listed value applied to its property as compared to that applied to other taxable property in the town. In the absence of any showing that the board has abused its authority under 32 V.S.A. § 4467, the board's action will be upheld.

*The decision of the State Tax Appeal Board is affirmed. The certified question is answered in the affirmative.*