## Anderson-Friberg Co., Inc. v. S. G. Phillips Corp.

[409 A.2d 560]

No. 143-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed November 5, 1979

*Abare, Donaghy & Nicholls, P.C.*, Barre, for Plaintiff.

*Dinse, Allen & Erdmann*, Burlington, for Defendant.

**Daley, J.** In this civil action, the plaintiff seeks damages for injury to its granite manufacturing plant allegedly caused by the defendant's negligence. The case was tried without a jury in the superior court on March 17 and 18, 1977. On December 20, 1977, the court filed findings of fact and conclusions of law that were dated November 26th. The court found in favor of the defendant on the ground that it did not cause plaintiff's injury, and judgment for the defendant was entered on December 28th. Plaintiff's motion for a new trial was denied. Plaintiff appeals, assigning as error: (1) that the court's findings were not supported by the weight of the evidence, and (2) that the delay between the hearing, and the filing of the court's findings and conclusions, constituted prejudicial error. We affirm.

In June, 1973, defendant was clearing and grubbing a right of way to the southwest and along the western side of plain-

tiff's property, pursuant to a highway building contract with the State of Vermont. Also west of plaintiff's property there was an old stone box culvert. On June 30, 1973, 3.33 inches of rain fell. The old culvert was washed out, and large quantities of silt, mud, and water were deposited on plaintiff's property, damaging plaintiff's plant. The trial court found that the collapse of the culvert caused the damage to plaintiff, independent of any negligence on the part of the defendant.

■ "Findings of fact challenged on appeal are not to be set aside unless, taking the evidence in the light most favorable to the prevailing party and excluding the effect of modifying evidence, they are clearly erroneous." *Wilson* v. *Hilske,* 132 Vt. 506, 507, 321 A.2d 16, 17 (1974). In this case, there was testimony and other evidence that the box culvert washed out, causing the release of 800–900 cubic yards of silt. There was expert testimony that the culvert would have been washed out even had the trees not been cut, and the evidence showed that the stumps with their soil preserving root systems had not been grubbed from the area surrounding the culvert. Furthermore, there was testimony that most of the debris deposited on plaintiff's land came from the culvert. The findings thus have a basis in the evidence, and are not clearly erroneous.

■ In its brief, plaintiff questions the credibility of several of defendant's witnesses. This argument cannot prevail on appeal. Like the weighing of the evidence, the credibility of witnesses and the persuasiveness of their testimony are to be determined solely by the trier of fact. *University of Vermont* v. *Town of Essex,* 129 Vt. 607, 610, 285 A.2d 728, 730, 55 A.L.R.3d 477, 480 (1971).

■ Finally, plaintiff challenges the court's delay in making and releasing its findings. While we encourage the speedy resolution of matters that have been placed before the court as trier of fact, and we do not approve of the delay in this case, we nonetheless do not find the requisite prejudice to constitute reversible error. Plaintiff has failed to specify how it was prejudiced by the delay, and therefore its

second claim of error must fail. See *Quazzo* v. *Quazzo*, 136 Vt. 107, 111, 386 A.2d 638, 641 (1978).

*Judgment affirmed.*