**Herman Jeffer v. Town of Chester**

[417 A.2d 937]

No. 127-79

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed June 17, 1980

David F. Buckley, Bellows Falls, for Plaintiff.

*Sarah E. Vail,* Chester, for Defendant.

**Per Curiam.** The plaintiff owns an apartment complex in the Town of Chester that was appraised at $216,000 for the 1977 tax year. Plaintiff appealed this appraisal to the board of civil authority, and then to the superior court. 32 V.S.A. ch. 131. After a de novo hearing, 32 V.S.A. § 4467, the court issued findings of fact and conclusions of law that set the appraised value at $110,000. The defendant town appeals, contending that the findings are inadequate and unsupported by the evidence; that the court erred in arriving at the appraisal value by the sole use of the income approach; that the court improperly excluded one of its exhibits; and that the court's judgment order was deficient for failing to order that the property be set in the grand list at a value corresponding to the listed value of comparable properties within the town. We affirm.

The evidence, in relevant part, is as follows. In 1974, taxpayer purchased these former school buildings from the town for $10,000, with an agreement to renovate them into apartments, which he did. His original appraisal of $240,900, based on the cost of renovation, was reduced to $216,000 in an appeal to the state board of appraisers. This figure was used in compiling his list in 1974–1976. In 1977, without inspecting or reappraising the property, the town again used $216,000 as taxpayer's appraisal value, and taxpayer appealed.

The town introduced the $216,000 appraisal into evidence, but neither the method employed by the state appraisers

nor any other basis for this appraisal was introduced into evidence. Taxpayer, on the other hand, introduced his own opinion as to the property's fair market value, as well as an appraiser's testimony as to the fair market value based on the cost, income, and market data approaches. The appraiser testified that the income approach indicated a fair market value of $110,000, and that the market data approach, based on sales of comparable property, indicated a fair market value of $100,797. Finally, although the appraiser testified as to a value based on the cost approach, she stated that uncertain rates of functional, physical and economic depreciation made this approach unreliable.

■ The court's findings were clearly supported by the evidence. The court made findings in accordance with the appraiser's testimony on the value of the property based on both the income and the market data approach. The court further found that the cost approach was inapplicable, and stated reasons that were based upon the appraiser's testimony. These findings are not clearly erroneous, and they belie the town's claim that the court relied on a single method of valuation. Furthermore, the town has failed to preserve its objection to the adequacy of the findings. Although findings are required in tax appeals, 32 V.S.A. § 4467, once they have been made a party will not be heard to object to their adequacy unless he has requested new or further findings. *Schwartz* v. *Town of Norwich*, 137 Vt. 130, 131, 400 A.2d 991, 992 (1979). This the town has not done.

The testimony of the taxpayer and his expert witness satisfied taxpayer's burden of producing credible evidence fairly and reasonably tending to show that his property was assessed at more than fair market value. At this point, the town could not rely upon the presumption of validity which attaches to the actions of the listers, and the burden of producing evidence to justify the appraisal shifted to it. *Welch* v. *Town of Ludlow*, 136 Vt. 83, 86, 385 A.2d 1105, 1107 (1978); *New England Power Co.* v. *Town of Barnet*, 134 Vt. 498, 507, 367 A.2d 1363, 1369 (1976). Here the town's only evidence was the testimony of a lister who had not personally appraised the property, and an appraisal card. This was insufficient evidence to meet its

burden. See *Welch* v. *Town of Ludlow, supra,* 136 Vt. at 89, 385 A.2d at 1109.

The town makes two further arguments. First, it argues that its exhibit "D," a copy of the findings of the state tax commissioner in the appeal of the 1974 appraisal, was improperly excluded. Our review of the record, however, discloses that the exhibit was never offered into evidence and never ruled inadmissible. Second, the town challenges the judgment order for failing to order the listers to set the property in the list at a value corresponding to the lists of comparable properties. Because no evidence was introduced on corresponding listed values, however, this was not an issue below. Under these circumstances, the court did not err in failing to go beyond a determination of the appraisal value. The judgment order should be modified, however, to require that the listers set the property in the grand list at 50% of the appraised fair market value, to reflect the rule applicable in April, 1977. 32 V.S.A. § 3481 (former version).

*Paragraph 2 of the judgment is modified to read "That the Board of Listers are to set said property in the Grand List at 50% of said fair market value." Affirmed as modified.*