Kenneth and Barbara Brown v. Town of Windsor

[422 A.2d 1268]

No. 145-79

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed November 5, 1980

*Harry A. Black* of *Black & Plante, Inc.,* White River Junction, for Plaintiffs.

*Richards and Lawler, P.C.,* Springfield, for Defendant.

**Billings, J.** The appellees own real estate in the Town of Windsor consisting of a small shopping center on three acres of land. On April 1, 1976, the town listers set the value of this property for tax purposes at $415,000. The taxpayers appealed to the Board of Civil Authority, which reduced this valuation to $400,000. The taxpayers then appealed to the Windsor County Superior Court, which ordered the town to list the property at $280,000.

The appellant town claims that the trial court erred in that the findings of fact and conclusions of law are not supported by the evidence. The town also claims that the trial court did not comply with the requirements of 32 V.S.A. § 4467 in that the court did not specify the method it used in determining fair market value and failed to make any findings on the listed values of comparable properties.

Findings of fact challenged on appeal are not to be set aside unless, taking the evidence in the light most favorable to the prevailing party and excluding the effect of modifying evidence, they are clearly erroneous. V.R.C.P. 52; *Frogate v. Kissell*, 138 Vt. 167, 169, 412 A.2d 1138, 1139 (1980); *Anderson-Friberg Co. v. S. G. Phillips Corp.*, 137 Vt. 565, 566, 409 A.2d 560 (1979). In this case the appellees' expert testified that he considered three methods of appraisal, and that he relied most heavily on the income approach. Although on that basis alone the appraisal was $250,000, he further testified that his final opinion of fair market value was $280,000. A finding must stand if the evidence discloses an evidentiary basis for it. Findings must stand if supported by credible evidence even though there may be inconsistencies or even substantial evidence to the contrary. *State v. Wall*, 137 Vt. 482, 486, 408 A.2d 632, 635 (1979). The findings here, if read as a whole, clearly meet the mandate of 32 V.S.A. § 4467 in establishing the fair market value and the basis therefore. *Wells v. Village of Orleans, Inc.*, 132 Vt. 216, 315 A.2d 463 (1974).

The town also claims error in that the trial court failed to make findings regarding the fair market values of comparable properties. 32 V.S.A. § 4467 grants the taxpayer on appeal the opportunity to raise the issue of whether the listed value of his property corresponds to the listed values of comparable properties. This section should be considered along with 32

V.S.A. §§ 3481 and 4601. *New England Power Co.* v. *Town of Barnet,* 134 Vt. 498, 509, 367 A.2d 1363, 1370 (1976). Section 3481 requires that property be assessed at fair market value, and § 4601 requires that property taxes be uniformly assessed. *Town of Barnet* v. *Palazzi Corp.,* 135 Vt. 298, 376 A.2d 24 (1977). Section 4601 is a statutory implementation of the proportional contribution clause of Ch. I, Art. 9 of the Vermont Constitution. *Id.* at 301, 376 A.2d at 27. The uniformity of appraised values is more important than exact correspondence with fair market value. *International Paper Co.* v. *Town of Winhall,* 133 Vt. 385, 387–88, 340 A.2d 42, 44 (1975). 32 V.S.A. § 4467 was enacted to guarantee to the taxpayer this uniform treatment. *New England Power Co.* v. *Town of Barnet, supra,* 134 Vt. at 509, 367 A.2d at 1370; *International Paper Co.* v. *Town of Winhall, supra,* 133 Vt. at 387, 340 A.2d at 44; *Bookstaver* v. *Town of Westminster,* 131 Vt. 133, 143, 300 A.2d 891, 897 (1973). This section permits a taxpayer whose property is assessed at fair market value to show that comparable properties in the town are assessed at a lower percentage of fair market value. If this is the case, the court must list the taxpayer's property at a corresponding value. 32 V.S.A. § 4467; *Rutland Country Club, Inc.* v. *City of Rutland,* 137 Vt. 590, 409 A.2d 591 (1979).

■ This issue is not available to the town in this case. A court may not list a taxpayer's property higher than fair market value, even if comparable properties are listed above fair market value. *Ames* v. *Town of Danby,* 136 Vt. 78, 80, 385 A.2d 1075, 1077–78 (1978). Here, the trial court determined the fair market value of the appellees' property and ordered that the property be listed at that value. Even if comparable properties were listed at higher values, the court could not have assessed the appellees' property at a higher value than it did. Therefore the town may not complain that the court failed to make findings of the values of comparable properties.

*Affirmed.*