**Herman Jeffer, Frederick P. Koledo and Carol B. Koledo**
**v. Town of Chester**

[451 A.2d 823]

No. 103-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed September 7, 1982

Motion for Reargument Denied October 5, 1982

*Parker, Lamb & Ankuda, P.C.*, Springfield, for Plaintiff-Appellee Koledo.

*Sarah E. Vail*, Chester, for Defendant-Appellant.

Peck, J. This appeal results from the 1978 reappraisal of property in the Town of Chester. Plaintiff Herman Jeffer was the owner of an apartment complex in the town that was appraised at $439,000 as of April 1, 1979. He was dissatisfied with this valuation and appealed to the board of civil authority, 32 V.S.A. § 4404, which upheld the town's appraisal. Plaintiff then sought de novo review in the Windsor Superior Court.[1] 32 V.S.A. § 4467. That court issued findings of fact and conclusions of law that set the appraised value at $110,000. The town appeals, contending that the findings are inadequate and unsupported by the evidence, and that the court erred in rejecting the method of appraisal employed by the town in favor of those relied on by the plaintiff. We affirm.

"In a de novo appeal to the superior court under 32 V.S.A. § 4467, a presumption of validity and legality attaches to the actions of the listers." *Mettowee Lumber & Plastics Co. v. Town of Sandgate*, 138 Vt. 63, 64, 411 A.2d 1368, 1369 (1980) (citing *New England Power Co. v. Town of Barnet*, 134 Vt. 498, 507, 367 A.2d 1363, 1369 (1976)). Upon evidence of the appraisal being introduced, this presumption remains until countervailing evidence is introduced fairly and reasonably showing that the property was appraised in excess of its fair market value. *Id.* The town argues that the trial court erred in finding that plaintiff's evidence was sufficient to overcome this presumption.

At the outset, we note that 32 V.S.A. § 3481(1) requires that property be assessed at fair market value, which is defined by the statute as the price which the property will bring in the market, taking into consideration its availability, use, and limitations. *City of Barre v. Town of Orange*, 138 Vt. 484, 486, 417 A.2d 939, 941 (1980); *Bookstaver v. Town of Westminster*, 131 Vt. 133, 136–37, 300 A.2d 891, 893 (1973). Many different methods exist for determining fair market value, see *New England Power Co. v. Town of Barnet, supra,*

---

[1] The trial court, pursuant to V.R.C.P. 20, permitted the purchasers of plaintiff's property, Frederick and Carol Koledo, to join the action as plaintiffs.

134 Vt. at 505, 367 A.2d at 1368, and they are appropriate subjects for expert testimony. Nevertheless, the cardinal rule remains the same whatever the appraisal method employed: "A court may not list a taxpayer's property higher than fair market value, even if comparable properties are listed above fair market value." *Brown* v. *Town of Windsor*, 139 Vt. 129, 131, 422 A.2d 1268, 1269 (1980).

■ At the hearing before the superior court, the town introduced evidence of the listers' appraisal, and evidence of the fair market value of the property as determined by the so-called cost reproduction method. The presumption of validity then attached to the listers' actions and the burden of going forward shifted to the plaintiff. *City of Barre* v. *Town of Orange, supra,* 138 Vt. at 485, 417 A.2d at 940. The trial court determined that plaintiff met this burden. He introduced his own opinion, as an experienced real estate investor and attorney, of the property's fair market value, as well as an appraiser's testimony as to the fair market value based on the cost, income, and market data approaches. The appraiser's testimony essentially mirrored that discussed in an earlier appeal involving the same parties and property. See *Jeffer* v. *Town of Chester*, 138 Vt. 478, 480, 417 A.2d 937, 938 (1980). She testified that the method of appraisal used by the town, the so-called cost reproduction method, was inappropriate under the facts of this case. Instead, the appraiser was of the opinion that of the generally recognized appraisal methods the income approach was most suitable for ascertaining the fair market value of plaintiff's property. This opinion was supported by evidence introduced by plaintiff showing that the property in question was sold by him in 1981 for $110,000.

■ The trial court was entitled to hold this evidence had overcome the presumption of validity, and the town then had the burden of producing evidence to justify the appraisal. *Leroux* v. *Town of Wheelock*, 136 Vt. 396, 398, 392 A.2d 387, 389 (1978). Of course, the burden of persuasion remained on the taxpayer as to all contested issues. *Id.* at 399, 392 A.2d at 389; *New England Power Co.* v. *Town of Barnet, supra,* 134 Vt. at 507, 367 A.2d at 1369.

The trial court determined that the town failed to take up its burden of substantiating the appraisal with independent

evidence of fair market value, stating: "This Court finds based upon all the evidence that the use of the replacement cost approach to appraisal [sic] in this instance is almost totally unreliable." The court then ordered the town to list plaintiff's property at $110,000. The town objects, asserting the court's findings of fact are no more than a recitation of the testimony and, therefore, cannot support the judgment. See *Krupp* v. *Krupp*, 126 Vt. 511, 514, 236 A.2d 653, 655 (1967). We disagree.

The trial court fulfilled its duty to sift the evidence and make a clear statement so that the parties and this Court are able to know what was decided and how the decision was reached. *Corrette* v. *Town of St. Johnsbury*, 140 Vt. 315, 316, 437 A.2d 1112, 1114 (1981). The findings themselves, viewed in the light most favorable to the prevailing party and excluding the effect of modifying evidence, are not clearly erroneous. V.R.C.P. 52; *Brown* v. *Town of Windsor, supra*, 139 Vt. at 131, 422 A.2d at 1268; *Frogate* v. *Kissell*, 138 Vt. 167, 169, 412 A.2d 1138, 1139 (1980). They are supported by credible evidence and, read as a whole, satisfy the provisions of 32 V.S.A. § 3481(1) relating to the elements to be considered in establishing fair market value.

*Affirmed.*