# James and Cornelia Kachadorian v. Town of Woodstock

[545 A.2d 509]

No. 84-572

Present: Allen, C.J., Peck, J., and Barney, C.J. (Ret.), Keyser, J. (Ret.) and Costello, D.J. (Ret.), Specially Assigned

Opinion Filed February 12, 1988

Motion for Reargument Denied March 17, 1988

*Stephen A. Reynes*, Woodstock, for Plaintiffs-Appellees.

*Robert P. Gerety, Jr.*, of *Plante, Richards, Terino & Hanley*, White River Junction, for Defendant-Appellant.

**Peck, J.** This is an appeal by defendant from a decision of the State Board of Appraisers finding the market value of the plaintiffs' property to be $380,000 and its listed value for tax purposes

to be $87,400. Defendant claims two errors were committed by the Board; first, that the Board's findings fail to disclose the basis for arriving at a market value of $380,000, and second, that the Board applied the wrong equalization ratio to the property in question. We affirm.

This case is before us for the second time (see *Kachadorian* v. *Town of Woodstock*, 144 Vt. 348, 477 A.2d 965 (1984)). The facts and procedural history of this case have not changed since our 1984 opinion was issued, but a brief summary follows. The Kachadorians own 91 acres of land in Woodstock, Vermont. This land contains one new house and one old house, as well as numerous out-buildings. In 1981, the property's listed value was increased to $121,900, due to the construction of the second house. The appraisal of the listers was appealed to the board of civil authority, 32 V.S.A. § 4404, which affirmed the listers' appraisal. Appeal was then taken to the Director of the Division of Property Valuation and Review, 32 V.S.A. § 4467, who referred the appeal to the State Board of Appraisers. 32 V.S.A. §§ 4465, 4467. The Board found that the taxpayers' property should be listed at $122,000. The taxpayers appealed to this Court; we reversed and remanded due to insufficient and inconsistent findings of the Board. A new hearing was held by the Board in which it concluded that taxpayers' property should be listed for $87,400. The Town of Woodstock appealed to this Court from the conclusion of the Board.

When a tax assessment is appealed to a State Board of Appraisers, the Board shall "determine whether the listed value of the property corresponds to the listed value of comparable properties within the town. 32 V.S.A. § 4467." *Kachadorian* v. *Town of Woodstock*, 144 Vt. at 350, 477 A.2d at 967. The first of two steps in making this determination is to establish the fair market value of the subject property. *Id.* Secondly, the subject property's fair market value must be equalized to insure comparable listing with other corresponding properties. 32 V.S.A. §§ 4467, 4601; *Kachadorian* at 350, 477 A.2d at 967.

The second step is dependent on whether comparable properties exist within the town. If comparable properties do exist, then a comparison must be made between their current market value and their listed value. *Kachadorian* at 351, 477 A.2d at 967. This comparison will yield the equalization ratio which must be applied to the fair market value of the subject property to deter-

mine its listed value. *Village of Morrisville Water & Light Department* v. *Town of Hyde Park*, 134 Vt. 325, 330, 360 A.2d 882, 885 (1976).

If, however, the property is unique within the town, then its listed value is determined by applying the common equalization ratio of all properties in the town to its market value. 32 V.S.A. § 4467; *Kachadorian* at 351, 477 A.2d at 967; *New England Power Co.* v. *Town of Barnet*, 134 Vt. 498, 504, 367 A.2d 1363, 1371 (1976).

Our function on appeal from a determination of a state board of appraisers is to scrutinize the board's actions in conducting its de novo review of a property appraisal. 32 V.S.A. § 4467; *Kruse* v. *Town of Westford*, 145 Vt. 368, 373, 488 A.2d 770, 773 (1985). The conclusions of the trier of fact, if supported by the findings, will be upheld. *Dartmouth Savings Bank* v. *F.O.S. Associates*, 145 Vt. 62, 66, 486 A.2d 623, 625 (1984). Our review of the record in this case reveals that the findings of the Board are consistent with 32 V.S.A. §§ 4467, 4601, and the conclusion reached as to the listed value of the subject property is proper.

This case involves a novel approach to the tax assessment of property. To determine the fair market value of plaintiffs' 91 acres of property, including the two houses and the various outbuildings, the Board allowed both parties to split the 91 acres and use separate comparables for the new house and the old house. Apparently, this approach was adopted because no single comparable property existed in the Town of Woodstock and because the "highest and best use" for the property was for two separate residences.

■ The fair market value of property is that price which the property will bring in the market place taking into consideration its availability, use and limitations. 32 V.S.A. § 4467; *City of Barre* v. *Town of Orange*, 138 Vt. 484, 486, 417 A.2d 939, 941 (1980). This value should not be based on only one criterion. *Bloomer* v. *Town of Danby*, 135 Vt. 56, 57-58, 370 A.2d 194, 195 (1977). Adjustment for location, type of land, accessibility, and sale price of comparable property are additional factors worthy of consideration when establishing market value. *Id.* It is within the province of the Board to determine fairly, justly and equitably the fair market value of the subject property according to the evidence presented. See *New England Power Co.* v. *Town of Barnet*, 134 Vt. at 506, 367 A.2d at 1368. We will not disturb a determina-

tion of fair market value unless an error of law exists. *Mettowee Lumber & Plastics Co.* v. *Town of Sandgate*, 138 Vt. 63, 66, 411 A.2d 1368, 1370 (1980); see *International Paper Co.* v. *Town of Winhall*, 133 Vt. 385, 386, 340 A.2d 42, 44 (1975). Valuations must be properly based on determinations of fact. *International Paper Co.*, 133 Vt. at 388, 340 A.2d at 45.

■ Aside from the evidence of separate comparables within Woodstock, defendant's expert testified that he had located a single comparable property in Manchester, Vermont. This property, according to the expert, was sold in an arms length transaction in 1982, one year after the appraisal date of plaintiffs' property. After making pertinent adjustments to the Manchester property for comparison purposes, the expert valued plaintiffs' property at $425,000. This comparable property was not referred to in the Board's findings or when it determined the market value of plaintiffs' property. However, the Board did arrive at the same value using the aggregate market values of the separate comparables.

This Court has stated that the fair market value of a comparable property in another town is relevant to the fair market value of the subject property, though not necessarily conclusive on that issue. *Ames* v. *Town of Danby*, 136 Vt. 78, 82, 385 A.2d 1075, 1078 (1978). The Board's findings do not indicate what, if any, consideration was given to the comparable property in Manchester. This is not to say that the Board was obligated to give any more credence to this evidence than to any other evidence before it. *Id.* However, the evidence at least should have been discussed in the findings.

It is not our intention to dictate how the Board should determine fair market value. Whatever property the Board uses to establish fair market value is an evidentiary question and within its discretion. *Monti* v. *Town of Northfield*, 135 Vt. 97, 99-100, 369 A.2d 1373, 1376 (1977). Only if the property or properties used are so dissimilar that they are of no comparative value whatsoever will we disturb the findings. *Id.*

Notwithstanding the errors discovered here, we do not find it necessary to reverse and thereby prolong this case any further because the use of separate comparables leads to the same market value as that proposed by defendant's expert. Though the method for determining fair market value is questionable, the outcome is the same and not in dispute. Moreover, this Court has held that we may uphold a result reached below on any legal ground ap-

pearing in the record. *Braune* v. *Town of Rochester*, 126 Vt. 527, 533, 237 A.2d 117, 121 (1967). We think the same rationale applies by clear analogy to support our order here.

■ Defendant claims that the findings do not disclose the basis for arriving at a market value of $380,000. As the trier of fact, the Board has the discretionary power to review the evidence and establish fair market value based on that evidence. See *Monti*, 135 Vt. at 99, 369 A.2d at 1376. Plaintiffs' expert testified that, if sold as one parcel, the subject property would be worth considerably less on the market and should be discounted to $380,000. This testimony was within the province of the Board to accept or reject. "[O]pinions of well informed persons based upon the purposes for which the property is suited are to be considered in arriving at fair market value." *New England Power Co.* v. *Town of Barnet*, 134 Vt. at 504, 367 A.2d at 1367. While the findings do not specify the mathematics used to arrive at the market value of $380,000, the Board was entitled to rely on the expert's testimony and reduce the prior valuation to that value submitted by the expert. Thus, the finding is supported by credible evidence; accordingly, we find no error in this adjustment.

■ Next, we turn to the Board's application of an equalization ratio to plaintiffs' property. The Board expressly found the plaintiffs' property not to be unique within Woodstock. Accordingly, it applied an equalization ratio of 23%, computed by comparing the market values and listed values of the separate comparables. As a matter of law, a property which is not unique requires the application of the comparable property's equalization ratio to determine its proper listed value. *Kachadorian*, 144 Vt. at 351, 477 A.2d at 967; 32 V.S.A. § 4467. Therefore, applying the comparable property's equalization ratio of 23% to the $380,000 fair market value was proper. Compare *Adams* v. *Town of West Haven*, 147 Vt. 618, 523 A.2d 1244 (1987) (board of appraisers determination that taxpayers' property was unique overturned due to inadequate findings), with *New England Power Co.* v. *Town of Barnet, supra* (unique property's listed value must be determined by applying the equalization ratio of all property in town). We hold that the Kachadorian property was properly determined not to be unique and was appropriately listed at $87,400.

Finally, we think it desirable to point out that the Board apparently misinterpreted our 1984 opinion in this case. We did not

direct the Board, on remand, to apply any specific equalization ratio. Rather, for the sake of the Board, we reiterated the general rule that when the subject property is found by the Board to be unique, the common ratio for all properties within the town is to be applied. However, when comparable properties exist, as here, the ratio derived from the comparables is to be applied.

*Affirmed.*