## Suzanne Bradley Alison v. Town of Rochester

[554 A.2d 259]

No. 87-534

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed November 10, 1988

*Suzanne Bradley Alison, pro se*, Rochester, Plaintiff-Appellant.

appeal provision of V.R.A.P. 4 would give us jurisdiction over the charge issue despite the omission.

*Olin R. McGill Jr.*, Middlebury, for Defendant-Appellee.

**Allen, C.J.** Taxpayer appeals from a decision of the State Board of Tax Appraisers affirming the decision of the Rochester Board of Civil Authority setting her nine-acre parcel in the grand list at $52,400. We affirm.

The Town undertook a complete reappraisal of land in 1987, which, according to testimony below, raised the total town equalization ratio for land and improvements from 65 percent to 92 percent. The appraised value of taxpayer's land was raised from $6,674 in 1986 to $27,096 after reappraisal, increasing her total appraisal for land and house from $34,700 in 1986 to $55,122 in 1987. After hearing taxpayer's grievance, the listers reduced the total appraisal to $52,366, which was rounded off to $52,400 in subsequent appeals to the Board of Civil Authority and the State Board.

Taxpayer's brief in support of the appeal to this Court consists of largely conclusory arguments covering a wide range of procedural and substantive complaints about the State Board hearing and decision. Many of the arguments consist of shorthand summaries of points made below, with little explanation to guide this Court. In presenting for review the barest sketch of her arguments, she is asking this Court to search the record for error, without a sufficiently clear indication of why the Board's decision was wrong. *Buttura* v. *Buttura*, 143 Vt. 95, 98, 463 A.2d 229, 230 (1983).

We do understand generally that taxpayer's objections are based on her belief that the listed value of her property exceeded the percentage of fair market value applied generally to property in the community. 32 V.S.A. § 4467 mandates that the listed value of the property subject to appeal must "correspond to the listed value of comparable properties within the town." The tax appraisal by the municipality enjoys a presumption of validity, and the taxpayer has both the initial burden of overcoming the presumption and the underlying burden of proving that the statutory standard has been violated. *Rutland Country Club, Inc.* v. *City of Rutland*, 140 Vt. 142, 146, 436 A.2d 730, 732 (1981). The Board concluded that "[a]ppellant did not present evidence that was substantial enough to overcome the presumption of validity as it applies to the 1987 Town of Rochester land reappraisal." The transcript confirms the Board's finding that taxpayer failed

to introduce evidence tending either to challenge the accuracy of the Town's reappraisal of her property or to counter the Board's findings as to the comparables proposed by the Town. The Board's decision as a whole reflects that it did consider and weigh the evidence before it, without treating the presumption of validity as evidence. Consequently, the Board did not repeat the error we noted in *Rutland Country Club* of giving the presumption evidentiary weight. *Id.* at 146, 436 A.2d at 732. It was taxpayer's burden to establish that the Board failed to follow the mandate of 32 V.S.A. § 4467 and that, as a consequence, the resulting valuation was arbitrary or unlawful. See *Mettowee Lumber & Plastics Co. v. Town of Sandgate*, 138 Vt. 63, 64, 411 A.2d 1368, 1369 (1980). She did not meet this burden.

*Affirmed.*