# In re Gerald C. Milot and Marsha W. Milot
# (City of Burlington, Appellant)

[563 A.2d 1005]

No. 87-242

Present: Allen, C.J., Peck, Gibson[1] and Dooley, JJ., and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed June 16, 1989

*Carl H. Lisman* and *Michael Marks* of *Lisman & Lisman*, Burlington, for Plaintiffs-Appellees.

*John L. Franco, Jr., Assistant City Attorney*, Burlington, for Defendant-Appellant.

**Peck, J.** The City of Burlington appeals a superior court order dismissing taxpayers' de novo appeal under 32 V.S.A. §§ 4461 and 4467. We reverse, vacate the dismissal and enter final judgment.

Burlington performed a city-wide reappraisal in 1985 which resulted in a listing for taxpayers' lakeshore residence at $307,900. Taxpayers appealed first to the board of civil authority, which left their assessment at $307,900 and then to superior court. During the latter de novo proceedings the City became aware that defects in the computer program used for the reappraisal had resulted in undervaluation of some properties, and presented evidence supporting a finding that the fair market value of taxpayers' property was $502,500.

---

[1] Justice Gibson was present at the hearing in this matter but did not participate in the decision.

The trial court made the following findings from the evidence presented in the de novo proceedings: that the fair market value of the subject property was $502,500; that the city-wide equalization ratio applicable in 1985 was 97%; and that taxpayers had produced comparable properties but had not provided sufficient evidence from which the court could determine their fair market values for the purposes of deriving an equalization ratio from the comparables. The City met its burden of producing evidence of valuation, providing a basis for the court's finding of fair market value. *Sondergeld* v. *Town of Hubbardton,* 150 Vt. 565, 568, 556 A.2d 64, 66 (1988). Nevertheless, because other properties had also been undervalued by the computer error, the court concluded that it would be unfair to assess taxpayers' property at fair market value, and dismissed the appeal, leaving the valuation at the $307,900 established by the board of civil authority. The City has appealed this dismissal.

The City argues that once findings were made, the court erred in failing to apply the equalization ratio applicable to the city as a whole to the fair market value it found. We agree. See *Kachadorian* v. *Town of Woodstock,* 149 Vt. 446, 450, 545 A.2d 509, 512 (1988). In *Kachadorian* we held that if comparable properties exist, the listed value of a property is determined by application of the equalization ratio derived from comparables. *Id.* If there are no comparables, the property is considered to be "unique" and the common equalization ratio of all properties in the town is applied. *Id.* at 448, 545 A.2d at 510. Here, the court did not find the property to be "unique," but found that evidence of fair market value of the comparables was not sufficient to determine an equalization ratio. Although it is proper for the trial court in tax appeals to apply an equalization ratio derived from comparables, when it is presented with credible evidence supporting their fair market value,[2] the absence of such evidence in the case at hand left the court unable to do so. Taxpayers are free to

---

[2] It is unclear from the decision below whether the comparable properties offered by taxpayers and rejected by the court, because of the lack of sufficient evidence of fair market value, were also properties whose appraisal values were affected by computer error. Since the taxpayers failed to establish the fair market value of the comparables, we need not reach the more complex issue of whether equalization ratios can be determined under § 4467 if the fair market values of comparables are properly established but their listed values are incorrect due to extrinsic error (such as computer error).

present sufficient evidence on the fair market value of comparable properties to provide the court with a more specific equalization ratio. This, however, was not done. In such circumstances, though taxpayers have not met their burden of demonstrating that the city's valuation of their property "does not correspond to the listed value of comparable properties within the town," 32 V.S.A. § 4467, the city-wide ratio, in evidence and not disputed, should be applied as if the property were unique.

Taxpayers argue that the City should not have been heard at trial to proffer evidence of a fair market value higher than that established by the board of civil authority, because the City did not file a cross-appeal. Taxpayers' argument suggests that a trial court in a de novo proceeding under 32 V.S.A. § 4467 is bound in some way by the evidence presented in the prior proceedings or by which party had taken the appeal. We do not agree.

We have consistently held that 32 V.S.A. § 4467 mandates the trial court to try the dispute anew, as though it had never been heard before, and that the trial court is required to determine the correct valuation in light of the requirements of law and the provisions of the state and federal constitutions. *Bookstaver* v. *Town of Westminster,* 131 Vt. 133, 136, 300 A.2d 891, 893 (1973); see also *Alison* v. *Town of Rochester,* 150 Vt. 525, 527, 554 A.2d 259, 260 (1988) (board did consider and weigh the evidence before it). In another context, we have noted that the superior court in a de novo hearing is under a duty to determine the probative effect of the evidence as though no decision had been previously rendered. *In re Poole,* 136 Vt. 242, 245, 388 A.2d 422, 424 (1978). Thus in the de novo trial of this matter the City was not limited to proffering, and the trial court was not limited to considering, only such evidence as had been presented to the board of civil authority. The Rules of Civil Procedure relating to discovery in superior court provided ample protection for taxpayers from "trial by surprise."

Applying the city-wide equalization ratio of 97% to the fair market value of the property as found by the superior court, a simple mathematical computation results in a listed value of $487,425. Accordingly, we hold that the property which is the subject of this appeal should be listed at $487,425 for the tax year 1985. Nothing remains to be determined; we will enter judgment here.

618

*Reversed; dismissal vacated and judgment entered that the listed value of taxpayers' property for 1985 is set at $487,425.*