Martin H. WENNAR v. TOWN of GEORGIA

[641 A.2d 101]

No. 93-007

January 27, 1994. Taxpayer appeals from a decision of the Franklin Superior Court setting the 1990 assessed valuation of two lots with frontage on Lake Champlain in the Town of Georgia, as well as frontage

on Georgia Shore Road, a public highway. One of the lots includes the taxpayer's residence. We affirm.

The first issue relates to the appraisal of the taxpayer's residence. The town bases house valuations on 1980 construction cost figures updated by a time-location factor, which was set at 1.8 for lakefront property. Taxpayer argues that the town's adjustment factor results in impermissibly valuing the house above its replacement value. Underlying this argument is taxpayer's assertion that a house must be valued the same wherever it is located.

Our precedents clearly reject taxpayer's position. The governing statute, 32 V.S.A. § 3481(1), requires valuation to be based on fair market value. See *Sondergeld v. Town of Hubbardton*, 150 Vt. 565, 567, 556 A.2d 64, 66 (1988) (touchstone of property tax valuation is fair market value as mandated by § 3481). Taxpayer's argument confuses a method of arriving at fair market value in appropriate cases with fair market value itself. See *Town of Barnet v. Central Vermont Pub. Serv. Corp.*, 131 Vt. 578, 580–81, 313 A.2d 392, 393 (1973) ("Approaches, such as reproduction cost, . . . are only devices to assist in arriving at fair market value."). Indeed, we have found error in relying solely on reproduction costs without relating it to fair market value. See *Jeffer v. Town of Chester*, 142 Vt. 23, 27, 451 A.2d 823, 824 (1982); *In re Hughes*, 132 Vt. 334, 339, 318 A.2d 676, 679 (1974). Here, there was evidence that structures on lakefront lots were valued higher than structures elsewhere. The court so found, and its finding was supported by the evidence.

Taxpayer also argues that the court erred in accepting a base valuation of his land at $400 per lakefront foot, when the base for another property, owned by a lister, was $350 per lakefront foot. The town differentiated the two situations because the other lot was a working farm, and the court accepted this difference as bearing on fair market value. Arguing that this is really an equalization problem, taxpayer asserts that farmland and nonfarmland can be directly compared. This is not an equalization issue. See *Bowen v. Town of Burke*, 153 Vt. 131, 134–35, 569 A.2d 452, 454 (1989) (Dooley, J., concurring) (initial valuation comparability "has nothing to do with equalization"). The valuation difference between farm and nonfarm property is supported by the evidence, and we uphold it. Moreover, we note that taxpayer subsequently sold part of one parcel of lakefront land at a price that suggested an initial valuation of $750 per lakefront foot, adjusted to $562.50 per foot after the equalization ratio is applied. This sale supported the town's action.

*Affirmed.*

Motion for reargument denied March 17, 1994.