VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      25-AP-275



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JANUARY TERM,   2026

Shannon McLamb\* and Ann Madeloni\*      }      APPEALED FROM:
v. Town of Shoreham                                          }
                                                                         }      Superior Court, Addison Unit, Civil Division
                                                                         }      CASE NO. 24-CV-03962
                                                                                 Trial Judge: David A. Barra

In the above-entitled cause, the Clerk will enter:

Taxpayers appeal the civil division's order setting the listed value for taxpayers' property at $155,000.\*  On appeal, taxpayers argue that the Town violated 32 V.S.A. § 3481 regarding a reduction made to the property's value due to a housing-subsidy covenant and that the Town violated its discovery obligations.  We affirm.

The court found the following.  Taxpayers own a residential property on 1.5 acres in the Town of Shoreham, Vermont, consisting of a dwelling and a separate, two-car garage.  The property is subject to a covenant that reduces its listed value to seventy percent of fair-market value.  In 2024, the Town performed a Town-wide reappraisal and determined that the fair-market value of the property was $227,600.  Due to the covenant restriction, the value was reduced to $159,300.  There are other properties in the Town subject to the same restriction and all received the same treatment.

Taxpayers grieved the assessment to the Board of Civil Authority (BCA), which reduced the listed value to $155,000 following inspection due to the condition of the property.

Taxpayers then appealed to the civil division.  The court held a de novo hearing.  The Town presented testimony regarding how the property valuation was made.  As part of the testimony, the Town lister explained that the valuation was reduced by thirty percent because the

---

\*  Taxpayers' brief provides a citation to the following case: State v. City of Burlington, 166 Vt. 274, 279 (1995).  The Court is unable to identify any case that corresponds to this citation.  Taxpayers are reminded that by presenting a document to this Court, they are certifying that the information is correct to the best of their knowledge.  See V.R.C.P. 11(b)(2); V.R.A.P. 25(d)(2).

property had a housing-subsidy covenant. The Town lister also testified that other properties with the same covenant were all reduced by thirty percent pursuant to a Town-wide policy.

Taxpayers entered photographic exhibits of the property's water filter and the property in general. Taxpayer McLamb testified and described issues with the property, claiming that the Town's description of the property was not accurate. Taxpayers did not offer their own estimate of the property's value.

The court found that the Town had established its assessed value and taxpayers had not overcome the presumption of validity that is accorded to the Town's assessment. Therefore, the court set the listed value at $155,000. Taxpayers appeal.

To determine the proper valuation of a property, the court must first determine the fair-market value and then the proper equalization rate. Jackson Gore Inn v. Town of Ludlow, 2020 VT 11, ¶ 4, 211 Vt. 498. The trial court conducts a de novo review of the property's valuation and on appeal this Court will uphold the trial court's findings "unless they are clearly erroneous." Boivin v. Town of Addison, 2010 VT 67, ¶ 6, 188 Vt. 571 (mem.). In assessing the fair-market value of property, the Town has the initial burden of producing evidence that the property was appraised at fair-market value. Once the Town meets that burden, the taxpayer retains the burden of persuasion to show that the valuation was arbitrary or unlawful. Sondergeld v. Town of Hubbardton, 150 Vt. 565, 568 (1988).

On appeal, taxpayers first argue that the automatic thirty-percent reduction of fair-market value violates the statute. The statute provides that owner-occupied housing subject to a housing-subsidy covenant:

> [S]hall be deemed to cause a material decrease in the value of the owner-occupied housing, and the appraisal value means not less than 60 and not more than 70 percent of what the fair market value of the property would be if it were not subject to the housing subsidy covenant.

32 V.S.A. § 3481(1)(C). Taxpayers assert that applying a flat reduction of thirty percent does not meet the requirements of the statute and amounts to a "shortcut." Taxpayers claim that the correct valuation lies in the range of $136,560-$159,320.

Taxpayers have not shown that the Town violated the statute. The Town's decision to apply a reduction of thirty percent—thus, set the appraised value at seventy percent of the fair market value—was consistent with the statute. Indeed, the listed value here of $155,000 was within the range identified by taxpayers.

Taxpayers next argue that the court erred in granting the Town's motion to strike documents attached to taxpayers' notice of appeal on the basis that the civil division proceeding was de novo and therefore the materials were not relevant. Taxpayers opposed the motion. The civil division granted the motion, indicating that taxpayers were not prejudiced because they would have an opportunity to present evidence at the hearing. Taxpayer has not demonstrated any error. This was a de novo proceeding, and as the trial court indicated, taxpayers had a full opportunity at the evidentiary hearing to offer documents or other evidence that they deemed relevant. See In re Milot, 151 Vt. 615, 617 (1989) (providing that proceeding under 32 V.S.A. § 4467 requires trial court "to try the dispute anew"); In re Poole, 136 Vt. 242, 245 (1978)

(explaining that "de novo hearing is one where the case is heard as though no action whatever had been held prior thereto").

In a related argument, taxpayers assert that the Town violated its discovery obligations, and the court erred in denying taxpayers' motion to compel. The court's denial was based on the fact that taxpayers had not complied with the discovery rule, which requires that before seeking a motion to compel, the parties must discuss discovery issues and engage in a good-faith effort to resolve the matter. See V.R.C.P. 26(h). The court's denial was consistent with the rule and within its discretion.

Taxpayers also make generalized claims that the Town failed to comply with the open-meeting law, engaged in bad faith by making a recording available, and its officials breached their statutory oaths of office. Taxpayers further state that the Town's counsel violated Vermont law in his treatment of taxpayers. Taxpayers have not provided any basis for these claims. The civil division conducted a de novo hearing on this matter and taxpayers had a full opportunity to present their evidence. See Connors v. Town of Dorset, 134 Vt. 233, 236 (1976) (explaining that even if there was an error in proceedings before BCA, it was cured by de novo proceeding in civil division). Taxpayers have not demonstrated any mistreatment or malintent on the part of the Town or its attorney.

In sum, the evidence supports the court's findings, which in turn support its conclusions that the Town met its burden of showing that the property was appraised at fair-market value and that taxpayers did not overcome the presumption of validity. Therefore, there are no grounds to disturb its decision.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Nancy J. Waples, Associate Justice